GUILFORD et al., Appellants,

v.

CENTRAL HARDWARE COMPANY, Appellee.

[Cite as *Guilford v. Central Hardware Co.* (1989), 62 Ohio App.3d 58.]

Court of Appeals of Ohio,
Franklin County.

No. 88AP–541.

Decided March 16, 1989.

*Robert C. Paxton & Associates* and *Robert C. Paxton II,* for appellants.
*Arter & Hadden, Judith E. Trail* and *Nancy Manougian,* for appellee.

PEGGY L. BRYANT, Judge.

Plaintiffs-appellants, Donald F. and Aleta M. Guilford, appeal from a judgment of the Franklin County Common Pleas Court sustaining the summary judgment motion of defendant-appellee, Central Hardware Company. Plaintiffs' sole assignment of error is that the trial court improperly granted summary judgment because this matter presents genuine issues of material fact.

While plaintiffs' complaint asserted defendant's liability under theories of negligence, breach of warranty, and strict liability, plaintiffs' appeal herein is confined to the viability of their negligence claim. Accordingly, we restrict our review of defendant's summary judgment motion thereto.

On April 28, 1984, plaintiffs went to the Central Hardware store located at 3131 South Hamilton Road, in Columbus, Ohio. There, plaintiff Donald Guilford saw a rake display, picked up one of the rakes by its handle, and sustained injury as a result of a splinter or crack in the rake handle.

Plaintiffs filed a complaint against defendant, in response to which defendant ultimately filed a motion for summary judgment, contending that as a matter of law it was entitled to judgment on plaintiffs' complaint. The trial

court sustained defendant's motion for summary judgment, and in adopting the referee's report, determined that:

"No evidence has been presented which would show that Defendant or any of its employees created the danger by causing the crack in the rake handle or the splinter.

"No evidence was presented which would show that Defendant or any of its employees were actually aware of any danger or had any knowledge of a cracked rake handle or splinter.

"No evidence was presented as to when the defect occured [*sic*] or as to how long the danger existed before Plaintiff Donald Guilford discovered the crack and splinter."

As a result, the trial court found, again by adopting the referee's report, that:

" * * * Plaintiff has failed to put forwward [*sic*] any evidence of lack of ordinary care on the part of Defendant or any of its employees. There is no evidence before the Court that Defendant actually knew of the alleged hazard. Since we have no evidence of when the defect occured [*sic*], Plaintiff has failed to raise the issue that the hazard had existed for a sufficient length of time so as to reasonably justify the inference that it should have been known by Defendant's personnel."

Summary judgment should be granted only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Moreover, construing the facts most strongly in favor of the nonmoving party, a summary judgment must not be rendered unless it appears from the evidence that reasonable minds could come to but one conclusion and that that conclusion is adverse to the nonmoving party. Civ.R. 56; *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267.

Applying those parameters to the facts before us, we initially note that a distinction exists between a hazardous condition created by the owner or occupier of a premises, and that created by the act of one who is not the owner or occupier. *Tandy v. St. Anthony Hosp.* (Nov. 29, 1988), Franklin App. No. 88AP–551, unreported, 1988 WL 129161. Quoting from *Presley v. Norwood* (1973), 36 Ohio St.2d 29, 31, 65 O.O.2d 129, 130, 303 N.E.2d 81, 83, this court in *Tandy* noted:

" ' * * * [W]here * * * injury arises from a "slip and fall" due to a hazardous condition *not created by the proprietor or his employees*, the rule is clear. * * * [P]laintiff must show that the defendant had, or in the

exercise of ordinary care should have had, notice of the hazard. \* \* \*,'
(Emphasis added.)" *Id.* at 3–4.

Continuing, we stated:

"The rule of law set forth by the Ohio Supreme Court is clear. When the owner or occupier of the premises *creates* the hazardous condition, plaintiff is not required to show specifically that defendant had knowledge or notice. Knowledge or notice of the owner or occupier is required to be shown in slip-and-fall cases only where the alleged hazardous condition is created by someone other than the owner \* \* \*." *Tandy, supra,* at 4.

In this case, plaintiffs countered defendant's motion for summary judgment with an affidavit stating that defendant, through its employees, assembled the rakes in its display at the store in issue. Hence, contrary to the focus of the referee's report, plaintiffs do not contend simply that defendant's liability is based solely on its superior knowledge of the existence of a dangerous condition created by a third person. Rather, plaintiffs assert that the evidence allows a reasonable inference that defendant negligently placed the rake into the display after defendant's employees negligently assembled it; that, as a result, defendant created a hazardous condition which ultimately injured plaintiffs.

While plaintiffs have not presented specific facts proving that defendant's employees caused the hazardous condition through their improper assemblage of the rakes, they need not do so for purposes of defendant's motion for summary judgment. Instead, plaintiffs are entitled to have the reasonable inferences from the evidence construed in their favor. In doing so herein, the record allows the reasonable inference plaintiffs assert concerning the rake assemblage, and thus reveals a genuine issue of material fact. Accordingly, summary judgment is inappropriate.

Whether or not plaintiffs, at trial, will be able to produce evidence to support the inference which we must now draw is not the issue before us. Rather, given the inferences which may be drawn from the record, sufficient evidence exists to create a genuine issue of material fact concerning defendant's negligence in assembling and displaying the rake at issue so as to preclude summary judgment under Civ.R. 56.

Given all of the foregoing, we sustain plaintiffs' single assignment of error, and reverse the judgment of the trial court. This matter is remanded to the trial court for further proceedings in accordance herewith.

*Judgment reversed*
*and cause remanded.*

STRAUSBAUGH and MARTIN, JJ., concur.

JOHN D. MARTIN, J., of the Fairfield County Court of Common Pleas, sitting by assignment.