OPINION
Appellant Nicholas Spognardi appeals the decision of the Richland County Court of Common Pleas which granted summary judgment in favor of Appellee Scores of Mansfield, Inc. ("Scores") in a slip-and-fall lawsuit. Appellee is an Ohio corporation doing business as "Scores Sports Bar" in Mansfield, Ohio. On March 9, 1997, Scores sponsored a non-alcoholic dance function for teenage patrons. Scores provided a deejay and a fog machine for the dance floor. That evening, appellant and his friends Greg Porter, John Simmons, and Rusty Roth arrived there to participate in the event. Shortly thereafter, appellant attempted to walk down a set of steps near the dance floor, but lost his footing and fell, resulting in injury to his left ankle. On April 1, 1998, appellant filed a complaint in the trial court alleging that the condition causing him to fall was caused by appellee's negligence. On April 27, 1998, appellant amended said complaint to reflect appellee's corporate identity. On April 15, 1999, appellee filed a motion for summary judgment, to which appellant replied on May 14, 1999. On June 15, 1999, the trial court, having reviewed the briefs and evidentiary materials submitted, found in favor of appellee. Appellant timely appealed and herein raises the following two Assignments of Error:
 I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BECAUSE IT WAS DEFENDANT'S INSTRUMENTALITY THAT PREVENTED PLAINTIFF/APPELLANT FROM HAVING KNOWLEDGE OF THE EXACT CAUSE OF HIS FALL.
 II. THE TRIAL COURT'S JUDGMENT DENIED PLAINTIFF/APPELLANT HIS RIGHT TO HAVE NEGLIGENCE COMPARED PURSUANT TO O.R.C. § 2315.19.
Summary Judgment Standard of Review
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36. As such, we must refer to Civ.R. 56 which provides, in pertinent part: Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280. It is based upon this standard that we review appellant's assignments of error.
 I.
In his First Assignment of Error, appellant argues trial court erred in granting summary judgment, alleging that his inability to clarify the cause of the fall was due to appellee's own instrumentality. We disagree. A shopkeeper owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so as not to unreasonably expose its customers to danger. Paschal v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St.3d 203. However, a business owner is not an insurer of the customer's safety. Id. A long-standing rule of law in Ohio demands that a plaintiff in a premises liability action be able to identify or explain the reason for the fall. Cleveland Athletic Association Co. v. Bending (1934), 129 Ohio St. 152. See also, Wafner v. Equitable Life Assurance (Sept. 4, 1997), Franklin App. No. 97APE05-609, unreported. In his deposition, appellant indicated the following regarding the incident:
Q Okay. What did you fall on?
A I — I do not recall, couldn't tell you.
 Q After you saw your girlfriend you indicate you came down the steps as the smoke was coming up, you can't tell me what it was you fell over?
A No, I couldn't tell you.
 Q Okay. Did you ever explain to anybody how it was you fell?
 A I was coming down the stairs when my last foot hit on the last step or the floor, it went up from under me and it was on my right foot, that's where I planted and when I did that that's when I fell and I caught my left foot behind me and that's when I did all the damage.
Q Okay. Explain that again to me, I'm not certain I —
 A Well, when I was coming down here (indicating) I put my right foot down on the last step or the (indicating) ground and when I did that —
Q You can't say what it was on?
A I don't remember, no.
Q Okay. And which foot was that?
A My right foot.
Q Okay.
 A And my left foot is what got caught behind and dislocated it and all —
Q Left foot got caught behind what?
 A That's when I went up and tried to catch myself and came down.
Q Uh-hum. What went up?
A I don't understand, what — what do you mean?
 Q Well, you say that something went up and you tried to catch it with your left foot, is that what you're indicating?
 A No. when I stepped down like, you know how you — you, when you walk down steps one foot at a time, when I did that my right foot went out from under me, I don't know if it was on water or moisture or whatever it was on, and that's when I fell because I couldn't see where I was walking, putting my foot down, that's when my foot went out from under me. I tried to catch myself and I dislocated my left foot.
 Q Just so I'm clear, you're certain you cannot tell me what it was that —
A No.
Q — that caused this fall?
A No, because I couldn't see at all.
Deposition of Nicholas Spognardi at 16-18. A review of the record, which in this case consists solely of the various pleadings and filings, and the aforesaid forty-six page deposition of appellant, does not support appellant's contention. We are persuaded that the fog machine indeed may have hampered the ability of appellant and his companions to sense any defects, obstacles, or substances that were on or about the steps when appellant fell or immediately thereafter. However, there is no evidence of any defect, obstacle or substance that caused appellant's fall. Appellant admits he doesn't know what caused his fall. Appellant's inability to articulate causation in this case persuades us that summary judgment is proper under Cleveland Athletic Association, et al. Furthermore, even if we were to accept appellant's assertion that the incident "sounds like" a moisture-related fall, the burden is still on appellant to demonstrate whether the hazard was a creation of appellee or caused by the act of another. See Guilford v. Central Hardware Co. (1989), 62 Ohio App.3d 58, 60. A review of the record fares no better for appellant at this stage either. We would concur with the language of the Tenth District Court of Appeals on this point: While we do not require plaintiffs in all instances to have direct evidence showing how a hazard occurred, it would be unreasonable for this court to presume that whenever there is a wet spot on the floor of a restaurant, it was caused by the owner or occupier. Without more evidence *** we cannot infer that appellee caused the wet spot. Gon v. Dick Clark's American Bandstand Grill (Feb. 11, 1996), Franklin App. No. 96APE07-910, unreported, at 13.
Appellant seeks to compare the case of Presti v. Gamekeeper's Tavern (Dec. 8, 1994), Cuyahoga App. No. 66642, unreported, to the situation in the case sub judice, for the proposition that summary judgment will not lie simply because a plaintiff cannot identify the precise spot on a sidewalk where a fall occurred. However, unlike appellant, the plaintiff in Presti "submitted evidentiary materials in opposition to Gameskeeper's [the premises owner's] motion for summary judgment that showed portions of the sidewalk in question had changes in elevation which exceeded two inches. Although she could not identify the precise spot of her fall, she did aver `I am certain that it was a portion of the uneven slabs within the driveway portion of the sidewalk area.' " Id. at 3. Presti is thus clearly distinguishable. We find appellant failed to demonstrate the existence of a genuine issue of material fact sufficient to overcome appellee's motion for summary judgment. Appellant's First Assignment of Error is overruled.
 II.
In his Second Assignment of Error, appellant urges that the trial court deprived him of his right to have negligence compared under R.C. 2315.19. We disagree. The doctrine of comparative negligence does not preclude an award of summary judgment. Mitchell v. Ross (1984), 14 Ohio App.3d 75. The comparative negligence statute is not applicable in cases where a court can declare that the defendant was not negligent as a matter of law. Adams v. Graves (Oct. 23, 1990), Pickaway App. No. 89CA35, unreported. Thus, based on our holding regarding appellant's First Assignment of Error, there is no basis for submission of the issue of comparative negligence to the jury under these facts. Appellant's Second Assignment of Error is overruled.
For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Richland County, is hereby affirmed.
By: Wise, P.J. Gwin, J., and Edwards, J., concur.