DECISION
Plaintiff-appellant, Patricia A. Francill, entered The Andersons General Store on May 4, 1996, to return a spoiled food item. It was raining outside. She walked through both sets of doors and asked the employee working as a customer greeter regarding the location of the customer service department. He directed her in front of the registers. She began to walk to the customer service desk and, approximately between cash registers three and four, she fell. Several people helped her get up and the right side of her dress was wet. She had fallen in water and, underneath her, she also found leaves and a flat-headed nail. She gave the leaves and the nail to an employee. The employee completed an incident report and Ms. Francill signed it. The fall aggravated her fibromyalgia. She and her husband, Donald Francill ("appellants"), filed a complaint against defendant-appellee, The Andersons, Inc., seeking monetary damages alleging negligence in failing to properly maintain the entranceway in a safe manner and loss of consortium. Appellee filed a motion for summary judgment alleging that there was no evidence that the condition of the floor was unreasonably dangerous, or that appellee knew or should have known that water was on the floor. The trial court granted appellee's motion for summary judgment. Appellants filed a notice of appeal and raise the following assignment of error:
 THE COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF THE PLAINTIFF-APPELLANTS BY GRANTING SUMMARY JUDGMENT TO THE DEFENDANT-APPELLEE BECAUSE GENUINE ISSUES OF MATERIAL FACT EXISTED AS TO THE LIABILITY OF THE DEFENDANT-APPELLEES [sic] WITH REGARD TO THE MAINTENANCE OF THE SHOPPING AREA UNDER THEIR CONTROL.
To prevail on a motion for summary judgment, the moving party must demonstrate that, when the evidence is construed most strongly in favor of the non-moving party, no genuine issue of material fact remains to be litigated and that it is entitled to judgment as a matter of law. Civ.R. 56(C); Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64. A genuine issue of material fact exists unless it is clear that reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. Williams v. First United Church of Christ (1974),37 Ohio St.2d 150, 151. Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously, with any doubts resolved in favor of the non-moving party. Murphy v. Reynoldsburg
(1992), 65 Ohio St.3d 356, 358-359.
In Dresher v. Burt (1996), 75 Ohio St.3d 280, the Supreme Court of Ohio stated that the moving party, on the ground that the non-moving party cannot prove its case, has the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the non-moving party's claim. Once the moving party satisfies this initial burden, the non-moving party has a reciprocal burden to set forth specific facts showing there is a genuine issue for trial. The issue presented by a motion for summary judgment is not the weight of the evidence, but whether there is sufficient evidence of the character and quality set forth in Civ.R. 56 to show the existence or non-existence of genuine issues of fact.
When an appellate court reviews a trial court's disposition of a summary judgment motion, the appellate court applies the same standard as applied by the trial court. Maust v. Bank One Columbus, N.A. (1992),83 Ohio App.3d 103, 107. An appellate court's review of a summary judgment disposition is independent and without deference to the trial court's determination. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. Thus, in determining whether a trial court properly granted a summary judgment motion, an appellate court must review the evidence in accordance with the standard set forth in Civ.R. 56, as well as the applicable law. Murphy.
To prevail upon their claim for negligence, appellants were required to prove by a preponderance of the evidence that appellee owed them a duty of care, that it breached that duty and that the breach proximately caused their injuries. Strother v. Hutchinson (1981), 67 Ohio St.2d 282, 285. A defendant's duty to a plaintiff depends on the relationship between the parties and the foreseeability of injury to someone in the plaintiff's position. Simmers v. Bentley Constr. Co. (1992), 64 Ohio St.3d 642,645.
The parties agree that appellants were business invitees of appellee. "[B]usiness invitees are those persons who come upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner." Baldauf v. Kent State Univ. (1988),49 Ohio App.3d 46, 47. An owner or occupier of premises owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. Paschal v. Rite Aid Pharmacy, Inc.
(1985), 18 Ohio St.3d 203 . However, a business owner is not an insurer of a customer's safety. Paschal.
An owner or occupier of property has a duty to warn a business invitee of unreasonably dangerous latent conditions that a business invitee cannot reasonably be expected to discover. A latent danger is "a danger which is hidden, concealed and not discoverable by ordinary inspection, that is, not appearing on the face of a thing and not discernible by examination." Potts v. Smith Constr. Co. (1970), 23 Ohio App.2d 144,148. Premises are not considered unreasonably dangerous where the defect is "so insubstantial and of the type that passersby commonly encounter."Baldauf, at 49.
An owner or occupier of property owes no duty to warn invitees of open and obvious dangers on the property. Simmers. The rationale behind the "open and obvious" doctrine is that "the open and obvious nature of the hazard itself serves as a warning, and that the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." Andersonv. Ruoff (1995), 100 Ohio App.3d 601, 604, citing Simmers. Such "open and obvious" dangers are ones that are neither hidden nor concealed from view, nor nondiscoverable by ordinary inspection. Parsons v. LawsonCo. (1989), 57 Ohio App.3d 49, 50-51. "The determination of the existence and obviousness of a danger alleged to exist on a premises requires a review of the facts of a particular case." Miller v. BeerBarrel Saloon (May 24, 1991), Ottawa App. No. 90-OT-050, unreported. If no duty exists, the owner of the premises cannot be found negligent.Anderson.
In Guilford v. Central Hardware Co. (1989), 62 Ohio App.3d 58, 60-61, the court stated that there is a distinction between whether a hazardous condition was created by the owner of the premises or by a third-party. When an injury arises from a slip-and-fall due to a hazardous condition not created by the owner of the premises, the plaintiff must demonstrate that the owner had, or in the exercise of reasonable care should have had, notice of the hazardous condition. Appellants had the duty to demonstrate that appellee had actual knowledge of the hazard and neglected to remove it, or that the hazard existed for a sufficient time that the failure to warn against it or remove it constituted a breach of ordinary care. Johnson v. The Wagner Provision Co. (1943),141 Ohio St. 584, paragraph three of the syllabus. If no evidence of actual notice is provided, a plaintiff must provide evidence as to the length of time the hazard existed to support an inference that the defendant had constructive knowledge. Presley v. Norwood (1973),36 Ohio St.2d 29, 32. In order to support such an inference, the plaintiff must present evidence sufficient to indicate that the condition existed for a sufficient time to justify the inference that the failure to warn against it or remove it was a breach of ordinary care. Presley, at 32, citing Johnson.
In this case, the trial court found that appellants failed to produce evidence that showed the condition to be unreasonably dangerous, or that appellee knew or should have discovered the condition. Also, the court held that, absent evidence of how and when the alleged dangerous condition was created, appellants were unable to establish constructive notice as a matter of law.
In her deposition, Ms. Francill testified that she fell in water that contained leaves and a flat-headed nail. However, she testified that it was "[p]ouring down rain" outside and the water on the floor was clear. (Francill Depo. at 12; 15.) She did not see the water on the floor but she stated that, if she had looked down, she probably could have seen the water. Ms. Francill also testified that she had no idea how long the water had been on the floor.
Ms. Francill's admission that, if she had looked down, she probably would have seen the water, demonstrates that the water was open and obvious, and discoverable by ordinary inspection. Appellee had no duty to warn Ms. Francill of an open and obvious danger. There is no evidence that appellee placed the water on the ground or had notice of the hazardous condition. Similarly, appellants presented no evidence that appellee should have known of the condition. Appellants provided no evidence regarding the length of time the water, leaves or nail had been on the floor to support an inference that appellee had constructive knowledge and breached the duty of ordinary care. Thus, the trial court did not err in granting appellee's motion for summary judgment. Appellants' assignment of error is not well-taken.
For the foregoing reasons, appellants' assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
BRYANT, P.J., and PETREE, J., concur.