OPINION
This is an appeal from a judgment of the Franklin County Court of Common Pleas, which granted summary judgment in favor of defendant, Red Roof Inns, Inc., dba Trueman Club Hotel. Plaintiff, Terry G. Cooper, appeals that judgment and sets forth the following assignment of error:
 THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT IN LIGHT OF THE EXISTENCE OF GENUINE ISSUES OF MATERIAL FACT AND APPELLEE'S FAILURE TO SUPPORT ITS MOTION WITH ADMISSIBLE EVIDENCE OF THE TYPE REFERENCED IN OHIO CIVIL RULE 56(C).
On July 30, 1995, plaintiff and his wife were staying at the Trueman Club Hotel in Columbus, Ohio. Plaintiff went to the breakfast serving area for a continental breakfast. Plaintiff slipped and fell and sustained serious injuries. Plaintiff filed an action against defendant but later dismissed the action without prejudice. Plaintiff then refiled the action alleging that defendant allowed an unreasonably dangerous condition to exist in the breakfast area or negligently failed to remove the dangerous substance from the floor, despite the fact that defendant knew or should have known of the unreasonably dangerous condition and negligently failed to warn plaintiff of the unreasonably dangerous condition on the floor. Plaintiff alleged that he had slipped and fallen on a clear liquid substance on the floor.
By his assignment of error, plaintiff contends that the trial court erred in granting summary judgment in favor of defendant. In order to grant a motion for summary judgment, the court must find that, construing the evidence most strongly in favor of the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Harless v. Willlis Day Warehousing Co. (1978), 54 Ohio St.2d 64. A genuine issue of material fact exists unless it is clear that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion is made. Williams v. First United Church of Christ (1974), 37 Ohio St.2d 150,151.
In Dresher v. Burt (1996), 75 Ohio St.3d 280, the Supreme Court of Ohio stated that the moving party, on the ground that the nonmoving party cannot prove its case, has the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claim. Once the moving party satisfies this initial burden, the nonmoving party has a reciprocal burden to set forth specific facts showing there is a genuine issue for trial. The issue presented by a motion for summary judgment is not the weight of the evidence, but whether there is sufficient evidence of the character and quality set forth in Civ.R. 56 to show the existence or nonexistence of genuine issues of fact.
When an appellate court reviews a trial court's disposition of a summary judgment motion, the appellate court applies the same standard as applied by the trial court. Maust v. Bank One Columbus, N.A. (1992),83 Ohio App.3d 103, 107. An appellate court's review of a summary judgment disposition is independent and without deference to the trial court's determination. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. Thus, in determining whether a trial court properly granted a summary judgment motion, an appellate court must review the evidence in accordance with the standard set forth in Civ.R. 56, as well as the applicable law. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356.
Plaintiff initially argues that the trial court erred in relying upon the deposition testimony of both plaintiff and his wife because the depositions were not filed in the trial court. The depositions had been filed in the previous case which had been voluntarily dismissed, but the depositions had not been refiled in this case. However, both parties referred to deposition testimony in the motion for summary judgment and the memorandum contra. This court and other courts have held that the failure to object to the propriety of evidence submitted in support of a motion for summary judgment constitutes a waiver of any alleged error in the consideration of such evidence. See Thompson v. Otterbein College (Feb. 6, 1996), Franklin App. No. 95APE08-1009, unreported; Miller v. S.C.O.A. Industries, Inc. (Mar. 19, 1991), Franklin App. No. 90AP-768, unreported; Boydston v. Norfolk S. Corp. (1991), 73 Ohio App.3d 727,731, fn 2. In this case, not only did plaintiff fail to object to the use of the deposition testimony, but referenced the deposition testimony in his memorandum contra to the motion for summary judgment. Thus, plaintiff has waived the alleged error of the trial court in considering the evidence.
To prevail upon his claim for negligence, plaintiff was required to prove by a preponderance of the evidence that defendant owed him a duty of care, that it breached that duty, and that the breach proximately caused his injuries. Strother v. Hutchinson (1981), 67 Ohio St.2d 282, 285. "Under the law of negligence, a defendant's duty to a plaintiff depends on the relationship between the parties and the foreseeability of injury to someone in the plaintiff's position." Simmers v. Bentley Constr. Co. (1992), 64 Ohio St.3d 642, 645.
The parties agree that plaintiff was a business invitee of defendant. "[B]usiness invitees are those persons who come upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner." Baldauf v. Kent State Univ. (1988),49 Ohio App.3d 46, 47. An owner or occupier of a premises owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203 . However, a business owner is not an insurer of a customer's safety. Id.
An owner or occupier of property has a duty to warn a business invitee of unreasonably dangerous latent conditions that a business invitee cannot reasonably be expected to discover. A latent danger is "a danger which is hidden, concealed and not discoverable by ordinary inspection, that is, not appearing on the face of a thing and not discernible by examination." Potts v. Smith Constr. Co. (1970), 23 Ohio App.2d 144,148. Premises are not considered unreasonably dangerous where the defect is "so insubstantial and of the type that passersby commonly encounter." Baldauf, at 49.
An owner or occupier of property owes no duty to warn invitees of open and obvious dangers on the property. Simmers, at 644, citing Sidle v. Humphrey (1968), 13 Ohio St.2d 45. The rationale behind the doctrine is that the "open and obvious nature of the danger itself serves as a warning, and that the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." Anderson v. Ruoff (1995),100 Ohio App.3d 601, 604, citing Simmers, supra. Such "open and obvious" hazards are those that are neither hidden or concealed from view nor nondiscoverable by ordinary inspection. Parsons v. Lawson Co. (1989),57 Ohio App.3d 49, 50-51. "The determination of the existence and obviousness of a danger alleged to exist on a premises requires a review of the facts of the particular case." Miller v. Beer Barrel Saloon (May 24, 1991), Ottawa App. No. 90-OT-050, unreported. If there is no duty, the premises owner cannot be found to be negligent. Anderson, supra.
In Guilford v. Central Hardware Co. (1989), 62 Ohio App.3d 58, 60-61, the court stated that there is a distinction between whether a hazardous condition was created by the owner of the premises or by a third party. When an injury arises from a slip-and-fall due to a hazardous condition not created by the owner of the premises, the plaintiff must demonstrate that the owner had, or in the exercise of reasonable care should have had, notice of the hazardous condition. Plaintiff had the duty to demonstrate that defendant had actual knowledge of the hazard and neglected to remove it, or that the hazard existed for such a sufficient time that the failure to warn against it or remove it constituted a breach of ordinary care. Johnson v. The Wagner Provision Co. (1943),141 Ohio St. 584, paragraph three of the syllabus. If no evidence of actual notice is provided, a plaintiff must provide evidence as to the length of time the hazard existed to support an inference that the defendant had constructive knowledge. Presley v. Norwood (1973),36 Ohio St.2d 29, 32. The plaintiff must present evidence sufficient to indicate that the condition existed for a sufficient time to justify the inference that the failure to warn against it or remove it was a breach of ordinary care. Presley, at 32, citing Johnson.
In this case, the trial court found that plaintiff failed to identify the cause of his fall, and even if the liquid spots were the cause of his fall, plaintiff failed to produce evidence that defendant caused the liquid substance to be on the floor or that defendant had actual or constructive knowledge of the liquid prior to plaintiff's fall. The trial court also found that plaintiff failed to produce any evidence that the liquid spots existed for a sufficient length of time as to reasonably justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care.
In his deposition, plaintiff testified that he wanted to get juice, rolls and coffee in the breakfast area. (Cooper depo. 16-17.) He had been in the breakfast area for a minute or less before he fell. (Cooper depo. 19.) He has no idea what he slipped in because he was not looking at the floor. (Cooper depo. 22.) He did not see what caused his fall. (Id. at 22.) His wife was informed that he had fallen, and when she arrived in the breakfast area she saw pieces of fruit, syrup spots and clear liquid spots on the floor. (Geraldine Cooper depo. 23.) Plaintiff's wife testified in her deposition that at least ten clear liquid spots were around plaintiff on the floor and she assumed the spots were melted ice. (Geraldine Cooper depo. 24.) Plaintiff also testified that his wife told him later that he had fallen in clear liquid spots, but he had no idea where the spots had originated. (Cooper depo. 31; 33.) He also had no idea whether any hotel employees knew about the liquid substance on the floor prior to his fall. (Cooper depo. 35.) Plaintiff's wife testified that no hotel employee said that they knew the spots were on the floor, and there was no proof that the hotel employees knew about them prior to plaintiff's fall. (Geraldine Cooper depo. 27.) Plaintiff's answers to the first set of interrogatories provided no more evidence.
Thus, given this testimony, plaintiff has failed to provide evidence concerning the cause of his fall. Even assuming that plaintiff knew he had fallen in a clear liquid substance, and if the liquid spots were the cause of his fall, plaintiff failed to produce evidence that defendant placed the substance on the floor or had knowledge of the condition. Similarly, plaintiff presented no evidence that defendant should have known of the condition. Plaintiff presented no evidence regarding the length of time the substance had been on the floor to support an inference that defendant had constructive knowledge and breached the duty of ordinary care. Thus, the trial court did not err in granting defendant's motion for summary judgment. Plaintiff's assignment of error is not well-taken.
For the foregoing reasons, plaintiff's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
BOWMAN and KENNEDY, JJ., concur.