JOURNAL ENTRY and OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.
 {¶ 2} Plaintiff-appellant Maggie Lopez ("Lopez), parent and guardian of William Kelly ("Kelly"), a minor, appeals the trial court's granting of summary judgment in favor of the defendant-appellee Cleveland Municipal School District ("the School District"). We find merit to the appeal and reverse and remand for further proceedings.
 {¶ 3} Lopez filed a two-count complaint against the School District alleging that her son slipped and fell due to water located at the top of stairs at Charles Mooney School. The complaint alleged that the School District negligently allowed the dangerous condition to exist in an area frequently traversed by students. Lopez also claimed loss of consortium.
 {¶ 4} The School District moved for summary judgment with responses to discovery and affidavits. The School District argued it was entitled to summary judgment because Lopez failed to show that the School District: (1) had actual knowledge of the alleged dangerous condition, (2) had constructive knowledge of the alleged dangerous condition, and (3) created the alleged dangerous condition. Lopez opposed the motion and included her own deposition testimony and her son's, as well as a witness' affidavit.
 {¶ 5} Lopez maintained that Kelly slipped on a puddle of water which had accumulated at the top of the stairs. She further argued that the School District had actual or constructive knowledge of the puddle and failed to repair the dangerous condition or warn students of the hazard. The trial court granted the School District's motion for summary judgment.
 {¶ 6} In her sole assignment of error, Lopez argues that the trial court erred in granting summary judgment because there were genuine issues of material fact as to whether the School District had actual or constructive notice of the puddle.
 {¶ 7} Appellate review of summary judgments is de novo. Graftonv. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105; Zemcik v. La PineTruck Sales Equipment (1998), 124 Ohio App.3d 581, 585. The Ohio Supreme Court set forth the appropriate test in Zivich v. Mentor SoccerClub (1998), 82 Ohio St.3d 367, 369-370, as follows:
"Pursuant to Civ.R. 56, summary judgment is appropriate when (1) thereis no genuine issue of material fact, (2) the moving party is entitled tojudgment as a matter of law, and (3) reasonable minds can come to but oneconclusion and that conclusion is adverse to the nonmoving party, saidparty being entitled to have the evidence construed most strongly in hisfavor. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, paragraphthree of the syllabus. The party moving for summary judgment bears theburden of showing that there is no genuine issue of material fact andthat it is entitled to judgment as a matter of law. Dresher v. Burt(1996), 75 Ohio St.3d 280, 292-293."
 {¶ 8} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). Mootispaw v. Eckstein (1996),76 Ohio St.3d 383, 385. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359.
 {¶ 9} In order to be entitled to recover against a defendant in a slip and fall case, the court held, in Johnson v. Wagner (1943),141 Ohio St. 584, that the plaintiff must show that: (1) the defendant or his employees placed the substance on the surface; or (2) the defendant knew of the presence of the foreign substance and failed to remove it; or (3) the substance had been on the surface long enough that the defendant should have known about it. See also, Guilford v. Central Hardware Co.
(1989), 62 Ohio App.3d 58, 60-61. Thus, if no evidence of actual notice is provided, a plaintiff must provide evidence as to the length of time the hazard existed to support an inference that the defendant had constructive knowledge. Presley v. Norwood (1973), 36 Ohio St.2d 29, 32. In other words, the plaintiff must present evidence to indicate that the condition existed for a sufficient time to justify the inference that the failure to warn against it or remove it was a breach of ordinary care.Presley, at 32, citing Johnson.
 {¶ 10} In the present case, the School District argues that Lopez failed to demonstrate that it had actual or constructive knowledge of the dangerous condition. In support of this argument, the School District relies on Lopez's responses to interrogatories and requests for production of documents, which sought the basis for her claim that the School District had knowledge of the dangerous condition. Although her response that "this information is in the process of being ascertained," was inconclusive, Kelly testified at deposition that he had observed water dripping to the floor four to five months prior to the incident. Lopez also testified at deposition that she had seen maintenance workers place buckets in these areas prior to the time Kelly fell.
 {¶ 11} Kelly further testified that water dripped on the floor after it rained or when the snow melted. Thus, while the puddle was probably not there all of the time, the School District should have been aware that there was a leak which caused a puddle to accumulate in the stairwell during wet weather conditions. Therefore, we find Lopez presented sufficient evidence demonstrating a genuine issue of material fact as to whether the School District had actual or constructive notice of the dangerous condition such that summary judgment should have been denied. Accordingly, the sole assignment of error is well taken.
 {¶ 12} Judgment is reversed and case is remanded for further proceedings consistent with this opinion.
 {¶ 13} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
ANNE L. KILBANE, P.J. and SEAN C. GALLAGHER, J. CONCUR