JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} Plaintiff-appellant, Jeffrey Darner ("Darner"), appeals the trial court's granting summary judgment in favor of defendants-appellees, The Richard E. Jacobs Group, Inc., JG Office Management Co. LLC, and Key Center Properties Limited Partnership (collectively "the Jacobs Group"). We find some merit to the appeal, but affirm the judgment of the trial court.
 {¶ 2} In 2003, Darner, who was employed by Key Corporation, slipped and fell in a ninth floor men's restroom at Key Tower. Darner sued the Jacobs Group, alleging that he sustained injuries as a result of the fall. He first voluntarily dismissed the lawsuit but refiled in 2006. The Jacobs Group filed a motion for summary judgment, which Darner opposed. The trial court granted summary judgment in favor of the Jacobs Group, finding:
 "The water on the floor was open and obvious to plaintiff. Plaintiff's testimony provides that he never looked to see if water was on the floor, even though he knew of water being on the floor on numerous prior occasions. Plaintiff testified had he looked at the floor he would have seen the water on the floor. Evidence provided shows that Defendants had knowledge of the bathroom and promptly sent someone to clean the bathroom. Reasonable minds could only conclude the water on the floor to be open and obvious."
 {¶ 3} Darner appeals the trial court's judgment, raising three assignments of error. In the second assignment of error, Darner argues that the trial court relied on inadmissible hearsay to determine that the Jacobs Group owed him no duty. In the first and third assignments of error, he argues that the trial court erred in its decision to grant summary judgment in favor of the Jacobs Group. *Page 3 
 Standard of Review {¶ 4} Appellate review of summary judgments is de novo. Grafton v.Ohio Edison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241;Zemcik v. La Pine Truck Sales Equipment (1998), 124 Ohio App.3d 581,585, 706 N.E.2d 860. The Ohio Supreme Court set forth the appropriate test in Zivich v. Mentor Soccer Club, 82 Ohio St.3d 367, 369-370,1998-Ohio-389, 696 N.E.2d 201, as follows:
 {¶ 5} "Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem.Corp., 73 Ohio St.3d 679, 1995-Ohio-286, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v.Burt, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107, 662 N.E.2d 264."
 {¶ 6} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Mootispaw v. Eckstein,76 Ohio St.3d 383, 385, 1996-Ohio-389, 667 N.E.2d 1197. Doubts must *Page 4 
be resolved in favor of the nonmoving party. Murphy v.Reynoldsburg, 65 Ohio St.3d 356, 358-359, 1992-Ohio-95, 604 N.E.2d 138.
 {¶ 7} In order to defeat a motion for summary judgment on a negligence claim, a plaintiff must establish that a genuine issue of material fact remains as to whether: (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; and (3) the breach of duty proximately caused the plaintiff's injury. Texler v. D.O. SummersCleaners Shirt Laundry Co., 81 Ohio St.3d 677, 680, 1998-Ohio-602,693 N.E.2d 271. Whether a duty exists is a question of law for the court to determine. Mussivand v. David (1989), 45 Ohio St.3d 314, 318,544 N.E.2d 265. The existence of a duty is fundamental to establishing actionable negligence, without which there is no legal liability. Jeffers v.Olexo (1989), 43 Ohio St.3d 140, 142, 539 N.E.2d 614. If no duty exists, the legal analysis ends and no further inquiry is necessary. Gedeon v.East Ohio Gas. Co. (1934), 128 Ohio St. 335, 338, 190 N.E. 924.
 {¶ 8} The parties in the instant case agree that Darner was an invitee of the Jacobs Group. An owner or occupier of the premises ordinarily owes its business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers. Paschal v. Rite Aid Pharmacy,Inc. (1985), 18 Ohio St.3d 203, 480 N.E.2d 474. A premises owner is obligated to warn invitees of latent or concealed dangers if the owner knows or has reason to know of hidden dangers. Willen v. Goudreau Mgmt.Corp., *Page 5 
Cuyahoga App. No. 84764, 2005-Ohio-2312. Where a hazard is not hidden from view, or concealed, and is discoverable by ordinary inspection, a trial court may properly sustain a motion for summary judgment made against the claimant. Parsons v. Lawson Co. (1989), 57 Ohio App.3d 49,566 N.E.2d 698.
 {¶ 9} To establish an actionable claim of negligence under the facts of this case, Darner must show:
 "1. That the defendant through its officers or employees was responsible for the hazard complained of; or
 "2. That at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or
 "3. That such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care."
Johnson v. Wagner (1943), 141 Ohio St. 584, 49 N.E.2d 925; see also,Guilford v. Central Hardware Co. (1989), 62 Ohio App.3d 58, 60-61,574 N.E.2d 564. If no evidence of actual notice is provided, a plaintiff must provide evidence as to the length of time the hazard existed to support an inference that the defendant had constructive knowledge.Presley v. Norwood (1973), 36 Ohio St.2d 29, 32, 303 N.E.2d 81. In other words, the plaintiff must present evidence to indicate that the condition existed for a sufficient time to justify the inference that the failure to warn against it or remove it was a breach of ordinary care. Presley, supra at 32, citing Johnson.
 The Lower Court Record *Page 6 {¶ 10} This court is limited in its review on appeal to the record provided by the appellant. App.R. 9 and 12(A)(1)(b). Because it is the appellant's duty to establish error on appeal, it follows that it is Darner's duty to ensure that the record, or necessary portions, are filed with the court in which he seeks review. App.R. 9(B); RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 19, 520 N.E.2d 564. A reviewing court is prohibited from adding matter to the record before it, which was not a part of the trial court's proceedings. State v.Ishmail (1978), 54 Ohio St.2d 402, 377 N.E.2d 500, paragraph one of the syllabus. Thus, this court is precluded from considering material that was not made part of the lower court record.
 {¶ 11} In his brief, Darner cites repeatedly to his first deposition, which was taken in August 2005 as part of his original case. However, that deposition was not made part of the record before us nor filed with the trial court in the refiled action. Thus, this court cannot consider it or any statements that Darner makes in reference to the deposition.[1] Darner also cites to the deposition of Thomas Kroth, the Jacobs Group's general manager, but his deposition was also not made part of the record; thus, we are unable to consider it on appeal.
 {¶ 12} In the second assignment of error, Darner claims that the trial court relied on "inadmissible hearsay" because the court considered a short statement written by Duran Young, in which Young states he cleaned the restroom shortly *Page 7 
before the accident occurred. Jacobs Group, on the other hand, argues that this court should not consider the copies of work orders relating to the restroom, which Darner filed in the trial court because they were not incorporated by reference into a properly framed affidavit.
 {¶ 13} Civ.R. 56(C) sets forth the type of documents that may be used to support a motion for summary judgment. The rule provides in part:
 {¶ 14} "Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. * * *"
 {¶ 15} To introduce a document other than that listed in Civ.R. 56(C), a party must accompany the document with an affidavit that attests to its authenticity. Biskupich v. Westbay Manor Nursing Home (1986),33 Ohio App.3d 220, 222, 515 N.E.2d 632. Although the record indicates that the documentary evidence submitted by both parties was not properly authenticated by affidavit, only Darner objected to the material submitted by the Jacobs Group. The Jacobs Group failed to move to strike or object to any work records that Darner filed in opposition to summary judgment. Failure to move to strike or otherwise object to documentary evidence submitted by a party in support of, or in opposition to, a motion for summary *Page 8 
judgment waives any error in considering that evidence under Civ.R. 56(C). Foster v. Cleveland Clinic Found., Cuyahoga App. Nos. 84156 
84169, 2004-Ohio-6863; Stegawski v. Cleveland Anesthesia Group,Inc. (1987), 37 Ohio App.3d 78, 83, 523 N.E.2d 902. Accordingly, the court in its discretion may review the documentary evidence submitted by Darner, and the Jacobs Group has waived any error committed by the court in considering the exhibits found in the record.[2]
 {¶ 16} Thus, we agree that the trial court erred in relying on Young's letter and sustain the second assignment of error. Our analysis does not end at this point, however, because we must still determine, de novo, whether summary judgment was properly granted. *Page 9 
 Actual or Constructive Knowledge {¶ 17} Darner first argues that the Jacobs Group possessed actual or constructive knowledge of water in the men's room through its failure to adequately repair past leakages. To support his argument, Darner relies on both his first deposition and Kroth's deposition. When confronted with the fact that those depositions are not part of the record, Darner argues in his reply brief that his complaint raised the disputed issue of whether Jacobs Group had notice of the hazard. As stated above, Darner cannot rely upon the mere allegations or denials of his complaint; rather, his response, by affidavit or as otherwise provided for by Civ.R. 56(E), must set forth specific facts showing that there is a genuine issue for trial. Mootispaw, supra at 385.
 {¶ 18} We note that the affidavit of Darner's secretary, Julia Kane, is part of the record. In the affidavit, Kane avers that she had previously, at Darner's request, reported problems with water in the men's restroom. She further stated that she reported Darner's accident to building maintenance and that she had to call maintenance many times since the accident to complain about the same condition. After careful consideration of Kane's affidavit, we find that it does not, in and of itself, raise a genuine issue of material fact as to prior notice.
 {¶ 19} The record also contains the work orders attached to Darner's memorandum in opposition to summary judgment. Those work orders show that there were calls to the Jacobs Group to attend to the ninth floor men's room in the *Page 10 
months prior to Darner's accident and on the day he fell. Interestingly, the work orders also show that maintenance was sent to clean up the restroom and completed the clean-up just before the time Darner alleges he fell. Darner claims that there is a time discrepancy between when he fell and when the work orders stated the restroom was cleaned; thus, there is an issue for a jury. To support his argument, he relies solely on his first deposition. Because we do not have the deposition in our record, we must rely solely on what we can glean from the work orders, and that evidence shows that someone called maintenance to complain about water in the ninth floor men's restroom on November 13, 2003, and the Jacobs Group promptly responded to the complaint and took care of the problem.
 Open and Obvious Hazard {¶ 20} Darner next argues that the water was not an open and obvious danger because he did not see it before he fell. Jacobs Group responds that the water was an open and obvious condition against which it had no duty to protect Darner.
 {¶ 21} Open and obvious hazards are those hazards that are neither hidden nor concealed from view and are discoverable by ordinary inspection. Parsons, supra at 50-51. "The dangerous condition at issue does not actually have to be observed by the plaintiff in order for it to be an `open and obvious' condition under the law. Rather, the determinative issue is whether the condition is observable." Lydic v.Lowe's Cos., Inc., Franklin App. No. 01AP-1432, 2002-Ohio-5001, at ¶ 10. In other words, our inquiry is whether an invitee exercising ordinary care under the *Page 11 
circumstances would have seen and been able to guard himself against the condition. See Kidder v. The Kroger Co., Montgomery App. No. 20405,2004-Ohio-4261. Where reasonable minds could differ as to whether a hazardous condition is open and obvious, a genuine issue of fact exists for a jury to review. See Klauss v. Marc Glassman, Inc., Cuyahoga App. No. 84799, 2005-Ohio-1306.
 {¶ 22} In arguing that the water hazard was not open and obvious, Darner again relies solely on statements from his first deposition. In his reply brief, Darner cites his complaint as support for his argument that the hazard was not open and obvious. For the reasons stated above, his argument fails.
 {¶ 23} We find that reasonable minds can only come to one conclusion and that is that the Jacobs Group is entitled to judgment as a matter of law. Therefore, we overrule the first and third assignments of error.
 {¶ 24} Accordingly, judgment is affirmed.
It is ordered that appellees recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 12 
JAMES J. SWEENEY, A.J., and PATRICIA A. BLACKMON, J., CONCUR
[1] Darner was deposed in 2007 and that deposition is part of the lower court record. That deposition, however, is not relied on in the instant appeal.
[2] Furthermore, the work orders found in the record were provided by the Jacobs Group to Darner's counsel in response to a discovery request. *Page 1