Bell, J.
 

 The appellant claims that the decisions of the Boayd of Tax Appeals are unreasonable and unlawful.
 

 
 *228
 
 The. appellees claim that the Board of Tax Appeals was without jurisdiction to consider the applications for the following reasons: (1) The application requesting exemption for the year 1944 was not filed until 1945, and (2) the provisions of Section 5570-1, General Code, were not complied with.
 

 So far as disclosed by the record, no question of jurisdiction was raised before the Board of Tax Appeals. However, under the familiar rule that the question of jurisdiction of the subject matter may be raised at any stage of a proceeding, we shall address our attention first to the question of jurisdiction.
 

 Section 5616, General Code, provides as follows: “Any person, board or officer authorized by this act to file complaints with the county board of revision may complain to the Tax Commission of Ohio at any time prior to the thirty-first day of December in any year, of the determination of a county auditor respecting the liability of any property to taxation in that year, or its exemption therefrom. The commission shall hear such complaint and determine whether the property complained of is subject to taxation and certify its findings' to the county auditor, who shall correct the tax list and duplicate accordingly. ”
 

 This court had occasion to consider and construe Section 5616, General Code, in the case of
 
 Pfeiffer et al., Trustees of Akron Public Library,
 
 v.
 
 Jenkins et al., Board of Tax Appeals,
 
 141 Ohio St., 66, 46 N. E. (2d), 767, wherein it was held:
 

 “Under the provisions of Section 5616, General Code, an application for the exemption of property from taxation for any year may be filed with the Board of Tax Appeals of Ohio at any time prior to the thirty-first day of December of that year; and the consideration and decision of the board as to that application is limited to that year.”
 

 
 *229
 
 By force of the language used in Section 5616, General Code, and the construction placed thereon in the
 
 Pfeiffer case, supra,
 
 the conclusion is inescapable that the Board of Tax Appeals was without jurisdiction to consider a claim for exemption of real property from taxation for the year 1944 where the application was filed after December 31 of that year.
 

 Coming now to a consideration of the second contention made by the Attorney General.
 

 Section 5570-1, General Code, provides in part as follows:
 

 “
 
 *
 
 * * The Board of Tax Appeals shall not consider an application for exemption of property under any of the sections enumerated herein unless the application has attached thereto a certificate or affidavit executed by the county treasurer certifying that taxes, assessments, penalties and interest levied and assessed against the property sought to be exempted have been paid in full to the date upon which the application for exemption is filed.
 

 “Provided, however, that taxes, penalties and interest which have accrued after the property began its use for the exempt purpose but in no case prior to the date of acquisition of the title to said property by applicant, may be remitted by the county auditor, with the consent of the Board of Tax Appeals.”
 

 One of the sections enumerated in Section 5570-1, is Section 5349, General Code.
 

 In construing Section 5570-1, General Code, in the ease of
 
 Ursuline Academy of Cleveland
 
 v.
 
 Board of Tax Appeals,
 
 141 Ohio St., 563, 49 N. E. (2d), 674, it was held:
 

 “Under the proviso in Section 5570-1, General Code, the Board of Tax Appeals has jurisdiction to consider an application for exemption from taxation where the application or evidence before the board discloses that
 
 *230
 
 the only unpaid taxes, penalties and interest due on the property sought to be exempted are such as may be remitted by the county auditor with the consent of the Board of Tax Appeals if the board consents to the exemption.”
 

 In the instant ease the record does not disclose clearly when the property began its use for the claimed exempted purpose but does disclose that taxes and penalties amounting to $445.02 were unpaid as of August 23, 1945.
 

 ■ Therefore the , rule announced and applied In the
 
 Ursuline Academy case, supra,
 
 can have no application to the factual situation presented by this record.
 

 The rule to be applied here is announced in
 
 Ursuline Academy of Cleveland
 
 v.
 
 Board of Tax Appeals,
 
 141 Ohio St., 559, 49 N. E. (2d), 680, wherein it was held:
 

 “The Board of Tax Appeals may not.consider an application for exemption of property under Section 5349 or Section 5353, General Code, unless the application for- exemption has attached to it a certificate or affidavit executed by the county treasurer certifying that taxes, assessments, penalties and interest levied and assessed against the property sought to be exempted have been paid in full to the date upon which the application for exemption is filed, or are such as may be remitted under the proviso in Section 5570-1, General Code.”
 

 In our view the Board of Tax Appeals was without jurisdiction to consider this application for exemption for two reasons: (a) The application was not filed-prior to December 31 of the year for which exemption was claimed, and (b) the certificate of the county treasurer discloses that taxes and penalties were not paid in full to the date upon which the application for exemption was filed and there is no evidence showing that the taxes and penalties are such
 
 *231
 
 as could be remitted under the proviso in Section 5570-1, General Code.
 

 It follows therefore that the decisions of the Board of Tax Appeals should be and hereby are reversed and the causes are remanded to such board with instruction to dismiss the proceedings for want of jurisdiction.
 

 Decisions reversed.
 

 Weygandt, C. J., Zimmerman, Williams, Matthias and Hart, JJ., concur.