PARSONS, APPELLANT, *v.*
LAWSON COMPANY, APPELLEE.

(No. CA-7614—Decided January 30, 1989.)

*John R. Giua* and *Stephen A. Ginella, Jr.,* for appellant.

*Baker, Meekison & Dublikar* and *Paul R. Reiners,* for appellee.

MILLIGAN, J. The Stark County Court of Common Pleas, upon motion for summary judgment by the defendant, sustained the motion and dismissed the personal injury action of plaintiff. He appeals, assigning a single error:

"The court of common pleas erred when it granted summary judgment to defendant the Lawson Company, in that plaintiff's pleadings and deposition testimony demonstrate that there are questions of fact present which are only within the province of the jury to determine."

(Appellant failed to comply with Loc. App. R. 4[D].)

Appellant was a customer of Lawson's (appellee). In anticipation of selecting items from the coolers and looking therein, he tripped over small empty boxes that had contained beer and pop, which were in the aisleway adjacent to the cooler. Appellant did not see the boxes until he tripped, and as he was falling he caught himself before hitting the floor.

"* * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being en-

titled to have the evidence or stipulation construed most strongly in his favor.* * *" Civ. R. 56(C).

Although the assignment of error suggests that there is a "genuine issue as to any material fact," it is obvious that the claim of appellant is that the summary judgment is erroneous as a matter of law. For the purpose of summary judgment, the appellee concedes the evidence "construed most strongly in his [appellant's] favor."

Stated succinctly, the issue is: Could reasonable minds come to the single conclusion that appellee breached no duty owed appellant upon the above-stated facts?

The appellee's motion for summary judgment imposes upon the appellant the burden of demonstrating the duty owed, breach of that duty, proximate cause of injury, and injury. *Keister* v. *Park Centre Lanes* (1981), 3 Ohio App. 3d 19, 3 OBR 20, 443 N.E. 2d 532.

### Duty of retail merchant to business invitee.

The affirmative duty owed by the merchant to his customers is clear:

"Patrons and prospective customers upon the premises of a shopping center are invitees and the shopping center owner owes such invitees the common-law duty to exercise ordinary care for their safety.

"The common-law duty of the owner of a shopping center to exercise ordinary care for the safety of its invitees is that degree of care which an ordinarily reasonable and prudent person exercises, or is accustomed to exercise, under the same or similar circumstances." *Smith* v. *United Properties, Inc.* (1965), 2 Ohio St. 2d 310, 31 O.O. 2d 573, 209 N.E. 2d 142, paragraphs one and two of the syllabus.

Ironically, the duty to an invitee is *more frequently identified* in terms of what the duty is *not*. Thus:

"An occupier of premises is under no duty to protect a business invitee against dangers which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them." *Sidle* v. *Humphrey* (1968), 13 Ohio St. 2d 45, 42 O.O. 2d 96, 233 N.E. 2d 589, paragraph one of the syllabus.

Further, the merchant is not an *insurer* of his customer's safety:

"The owners or occupiers of private premises are not insurers of the safety of pedestrians traversing those premises * * *." *Helms* v. *American Legion, Inc.* (1966), 5 Ohio St. 2d 60, 34 O.O. 124, 213 N.E. 2d 734, syllabus.

Thus, "[a]n occupier of premises is under no duty to protect a business invitee against dangers which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself from them." *Sidle* v. *Humphrey, supra,* at syllabus.

The duty of the merchant to warn a customer is as to latent or concealed perils. *Arnold* v. *K-Mart Corp.* (Oct. 17, 1983), Stark App. No. CA-6137, unreported.

The appropriate function of the factfinder (jury) is to resolve issues of disputed fact within the "window" framed on all sides by the parameters of legal right and duty. The propositions of law form the "window frame." When the facts, construed most favorably to the defending party on summary judgment, fall outside the window frame, the case is properly resolved by summary judgment. For example, if reasonable minds could conclude only that the hazard was not discernible in the "exercise of due care," the claimant is entitled to summary judgment. *Long* v. *Lohmyer* (Mar. 30, 1987), Stark App. No. CA-6983, unreported.

By like token where the hazard is

not hidden from view or concealed and is discoverable by ordinary inspection, the court may properly sustain a summary judgment against the claimant. *Mayle* v. *Fisher Foods* (Oct. 21, 1981), Stark App. No. CA-5624, unreported; *Potts* v. *Smith Constr. Co.* (1970), 23 Ohio App. 2d 144, 52 O.O. 2d 166, 261 N.E. 2d 176.

Finally, where reasonable minds, within the parameters of the legal duty, could conclude that the duty was, or was not, breached, the motion for summary judgment is appropriately overruled and the issues submitted, within the window of instruction, to the factfinder (jury). *Schon* v. *National Tea Co.* (1971), 28 Ohio App. 2d 49, 57 O.O. 2d 72, 274 N.E. 2d 578.

### Impact of comparative negligence upon slip and fall cases.

The significance of Ohio's recent enactment of comparative negligence, R.C. 2315.19, effective June 20, 1980, should not be overlooked. Prior thereto, comparative negligence, *i.e.*, failure of the claimant to maintain a reasonable lookout, acted as an absolute bar to recovery. Thus, cases decided prior to comparative negligence must be carefully analyzed to determine whether the court was ruling upon the issue of the merchant's duty or the customer's contributory negligence. The practical effect is that the "window" is no longer slammed shut on a claimant who breaches his own duty of due care.

It is within this context that we examine the evidence, construed most favorably to the appellant, for the purpose of deciding whether the appellant is within or without the "window."

The only evidence upon the summary judgment consideration is the cross-examination deposition of the appellant. After testifying that he went to Lawson's to buy a twelve-pack of Budweiser and milk (which he forgot), appellant testified:

"A. You got to look through them [the coolers] to see what you're getting * * * and right at the end or right before you got to the end, they had a bunch of boxes lying on the floor like this * * *. If I remember right, they was those little boxes that beer and pop come in only about [indicating]* * *.

"Q. They're cut down, so they're only about four or five inches high?

"A. Yeah. And that's when I stepped in that—I was looking through there, and I stepped and I slipped and went back. I didn't actually fall, I caught myself.

"* * *

"A. * * * I was mad and embarrassed. And I looked around and I didn't see nobody, so I didn't feel too bad.

"Q. Were they [the boxes] just right out in the aisle?

"A. Right out in the aisle.

"Q. How many of them were there?

"A. A lot of them.

"* * *

"Q. You didn't see them before you fell?

"A. No, because I was looking in the coolers right there.

"* * *

"Q. If you were looking where you were walking instead of in the cooler, would you have seen the boxes?

"A. More than likely, yes, if I couldn't find what I wanted, yes. But I was concentrating on what I had wanted there in the coolers."

Upon this state of the record, we conclude that reasonable minds could not conclude other than that the boxes were neither latent nor hidden from view nor nondiscoverable by ordinary inspection. They were in plain view and discernible. The hazard was "so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself

52

against them." *Sidle, supra,* at paragraph one of the syllabus.

The trial court did not err in granting summary judgment.

The single assignment of error is overruled, and the judgment of the Stark County Common Pleas Court is affirmed.

*Judgment affirmed.*

PUTMAN, P.J., and HOFFMAN, J., concur.