Plaintiff Preston Robinson appeals a summary judgment of the Court of Common Pleas of Stark County, Ohio, entered in favor of defendant Sylvia Thompson on his complaint for personal injuries sustained in a fall at Appellee's home. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEES MOTION FOR SUMMARY JUDGMENT, PURSUANT TO OHIO CIVIL RULE 56.
Appellant has failed to comply with our local rule 9, requiring a separate statement informing us whether he believes the summary judgment is inappropriate as a matter of law on the undisputed facts, or whether a genuine dispute exists as to a material fact. We glean from his brief appellant's claim is that the court's judgment was inappropriate because there were genuine issues of material fact.
Civ.R. 56 (C) states in pertinent part:
 Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone
testified the cat did not hiss at him as she approached, and only Appellant's right ankle or foot came into contact with the cat.
Appellant's amended complaint alleged Appellee was the owner of a cat she knew to be of a vicious and mischievous disposition, and which she knew had a propensity to run into and across the legs of individuals when the individuals were walking down the basement stairs. In his second cause of action, appellant alleged Appellee, as the occupier of the premises, breached her duty of warning him of the presence of a condition on the premises that she knew, or in the exercise of reasonable care should have known, existed, and which she knew involved a reasonable risk of harm to the Appellant, although this was unknown and/or unlikely to be discovered by Appellant.
The trial court found in order to prevail under a theory of negligence, the appellant must prove the appellee owed him a duty, breached her duty, and the breach caused his injuries. The trial court found under a theory of premises liability, Appellee only owed Appellant the duty to exercise ordinary care in maintaining the premises in a reasonably safe condition,Pascal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203. Appellee had a duty to warn Appellant of any latent or concealed defects, Parsons v. Lawson Co. (1989), 57 Ohio App.3d 49.
The court found Appellee owed no duty to Appellant to warn him about the cat. The cat did not attack, scratch, or bite the Appellant, and did not behave viciously. The trial court found the mere fact Appellee had a cat present in her home did not, in and of itself, constitute a danger of which Appellee had a duty to warn appellant. The court found because Appellant was aware the cat was living in the house with Appellee, the
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Gwin, J., Hoffman, J. and Reader, J. concur
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in the Memorandum opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to Appellant.
--------------------
--------------------
 -------------------- JUDGES