OPINION
The following is an accelerated calendar appeal, submitted on the briefs of the parties, from a final judgment of the Lake County Court of Common Pleas in which the court granted summary judgment in favor of appellee, Marc Glassman, Inc., owner and operator of "Marc's" chain of discount stores, as to the negligence claim of appellants, Helen and Richard Sopko. For the reasons that follow, we affirm the judgment of the trial court.
The facts pertinent to this appeal are as follows. On August 27, 1996, Helen Sopko and a friend, Lee Airwick, went to a Marc's store in Painesville, Ohio to do some shopping. Upon arriving at the store, Ms. Airwick retrieved a shopping cart that Mrs. Sopko, who was recovering from hip replacement surgery, used for support as she walked through the store.
Approximately one hour after arriving at the store, Mrs. Sopko and Ms. Airwick made their selections, without incident, and headed to a checkout aisle. As they waited for the customers in front of them to finish making their purchases, Ms. Airwick left the aisle to retrieve a magazine, leaving Mrs. Sopko alone in line. At that time, Mrs. Sopko was standing behind the shopping cart containing the items she wished to purchase.
The checkout aisles at the store are approximately thirty-three inches wide bounded, on each side, by a wooden counter. Immediately preceding the entranceway to each aisle is an "end cap" display, consisting of a dark colored platform stacked with a variety of the store's products. The platforms making up the "end cap" displays are identical in width to the counters and are approximately three inches high. Mrs. Sopko testified at deposition that the "end cap" display on the left side of her aisle was filled with products stacked highly on the platform. On the right side of the checkout aisle, Mrs. Sopko testified that a portion of the platform was empty.
Before Ms. Airwick returned to the checkout line, the customer immediately in front of Mrs. Sopko completed her purchases. Mrs. Sopko testified that the aisle was not wide enough for a person to stand next to their shopping cart. Therefore, Mrs. Sopko knew that she would have to remove the items from her cart while standing either in front of the cart or behind it. Mrs. Sopko decided it would be easier to remove the items she wished to purchase while standing in front of the cart and, therefore, attempted to walk toward the front of the cart. As she stepped to her right, her foot hit the platform to the "end cap" display. She fell into the empty portion of the display and sustained injuries.
On January 17, 1997, Mrs. Sopko filed a complaint against appellee alleging that she was caused to trip and fall due to appellee's negligence. Mr. Sopko joined in the suit for loss of consortium.
On November 6, 1997, after taking the deposition of Mrs. Sopko, Appellee filed a motion for summary judgment. Appellee argued that the "end cap" display was an open and obvious condition and cited to portions of Ms. Sopko's deposition testimony wherein she admitted to seeing the platform before her fall, but misjudged the distance between the cart and the platform. Appellee further submitted pictures of the aisles and presented the affidavit of Kathy Rencher, the manager of the store, who gave a description of the "end-cap" displays. Appellants responded to appellee's motion on November 24, 1997, and asserted that genuine issues of material fact existed regarding whether the platform was an "open and obvious" condition.
In a judgment entry filed December 10, 1997, the trial court granted summary judgment in favor of appellee. From this judgment, appellants filed a timely notice of appeal and now assert, within their sole assignment of error, that the trial court erred in granting appellee's motion for summary judgment.
Civ.R. 56(C), providing the standard governing motions for summary judgment, states in pertinent part that:
 "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.* * *"
In construing Civ.R. 56(C), the Supreme Court of Ohio has stated that the moving party bears the burden of establishing that: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds, construing the evidence in favor of the nonmoving party, can come to but one conclusion and that conclusion is adverse to the party opposing the motion. Harlessv. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66; Morrisv. Ohio Cas. Ins. Co. (1988), 35 Ohio St.3d 45, 46-47.
The Supreme Court of Ohio in Dresher v. Burt (1996),75 Ohio St.3d 280, set forth the burden that is placed on each party when a motion for summary judgment is filed. The court held:
 "* * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Id. at 293. (Emphasis sic.)
Mrs. Sopko was a business invitee in appellee's store. A store owner owes a business invitee a duty of ordinary care in maintaining the premises in a reasonably safe condition so that patrons are not unnecessarily and unreasonably exposed to danger.Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203. However, a store owner is not an insurer of a customer's safety, and is under no duty to protect patrons from conditions "`which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them.'" Id., quoting Sidle v. Humphrey
(1968), 13 Ohio St.2d 45, paragraph one of the syllabus. The duty of the store owner is to warn of latent or concealed perils.Parsons v. Lawson Co. (1989), 57 Ohio App.3d 49, 50.
In the case sub judice, Mrs. Sopko described the circumstances surrounding her fall as follow:
 "Q: Was there anything that obstructed your view of the platform?
"A: No.
"Q: Why didn't you see the platform?
 "A: I think I — I believe I did see it, but I didn't realize — maybe I didn't realize it was that close. I thought I could make it between there, get in there.
 "Q: So as you walked around the cart from the rear side of the cart around the right side and toward the front, you noticed the platform, but you thought you could get between the platform and the cart?
"A: I didn't get to the front of the cart.
 "Q: Okay. And the reason you didn't get to the front of the cart is you tripped over the platform?
"A: Right. Right.
"Q: And you had noticed the platform —
 "A: I knew it was there, but I didn't think it was sticking out. I didn't think it was sticking out that far.
"Q: You thought you could make it.
"A: Yeah."
 Clearly, Mrs. Sopko saw the platform. However, she misjudged the platform's location as she attempted to walk to the front of the cart, resulting in her trip and fall. Under these circumstances we cannot state that the empty "end cap" display was an unreasonably dangerous condition for Mrs. Sopko. Pursuant to the reasoning as set forth in Paschal and Sidle, supra, appellee had no duty to protect Mrs. Sopko from a danger that was apparent to her. From the evidence submitted, there are no genuine issues of material fact and appellee was entitled to judgment as a matter of law. Appellant's sole assignment of error is without merit.
Based on the foregoing, the judgment of the trial court affirmed.
 ___________________________________ JUDGE WILLIAM M. O'NEILL
CHRISTLEY, P.J., NADER, J., concur.