This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Paul J. Armstrong has appealed the judgment of the Lorain County Court of Common Pleas, which granted summary judgment in favor of Best Buy Company, Inc. ("Best Buy"). This Court affirms.
 I
Armstrong filed a negligence suit against Best Buy for injuries he sustained when he tripped over a shopping cart corral guardrail in the entranceway to the store. Best Buy moved for summary judgment, asserting that it is not liable for Armstrong's injuries because the guardrail was an open and obvious danger. Finding that the guardrail "was open and obvious to anyone walking into the building[,]" the trial court granted summary judgment in favor of Best Buy.
Armstrong has timely appealed, and has asserted one assignment of error.
 II Assignment of error The trial court erred in granting summary judgment to [Best Buy].
Armstrong has argued that the trial court erred in granting summary judgment. Specifically, Armstrong has contended that the trial court erred in finding that the open and obvious doctrine is a complete bar to recovery. He has asserted that the reasonableness of his conduct and the issue of whether the shopping cart guardrail was unreasonably dangerous are questions that should be decided by a jury.
Pursuant to Civ.R. 56(C), summary judgment is proper if: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293-294. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. at 293. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id.
To avoid summary judgment in a negligence action, the plaintiff must show: (1) the defendant owed him a duty of care; (2) the defendant breached the duty of care; and (3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury. Menifee v. OhioWelding Products, Inc. (1984), 15 Ohio St.3d 75, 77. It is undisputed that Armstrong was a business invitee for all purposes pertinent to this appeal. An owner or occupier of premises owes a business invitee a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203. However, an owner is under no duty to protect its customers from known dangers or dangers which are so obvious and apparent that a customer should reasonably be expected to discover them and protect himself from them. Id. at 203-204; see, also, Sidle v. Humphrey (1968),13 Ohio St.2d 45, paragraph one of the syllabus. The rationale behind this doctrine is that the open and obvious nature of the hazard itself serves as a warning, and allows the owner to reasonably expect others to discover the danger and take appropriate actions to protect themselves.Simmers v. Bentley Constr. Co. (1992), 64 Ohio St.3d 642, 644.
Armstrong has argued that the open and obvious doctrine is no longer viable as an absolute bar to recovery based on the Ohio Supreme Court's decision in Texler v. D.O. Summers Cleaners Shirt Laundry Co. (1998),81 Ohio St.3d 677. The doctrine, he has contended, has been replaced by comparative negligence. In support, Armstrong has cited the Eighth Appellate District's decision in Schindler v. Gale's Superior SupermarketInc. (2001), 142 Ohio App.3d 146, in which the court, interpretingTexler, determined that "the time has come to analyze the openness and obviousness of a hazard not in terms of the duty owed but rather in terms of causation." Id. at 153.
We reject the Eighth District's interpretation of Texler. First,Texler is not a premises liability case. Second, a careful reading ofTexler reveals that the issue of whether the open and obvious doctrine operated to negate an element of the defendant's duty was not before the court; the narrow issue before the court was the plaintiff's contributory negligence, which concerns the proximate cause component of negligence, not the duty element. The plaintiff in Texler was injured when she tripped over a bucket filled with concrete that the defendant had placed on a sidewalk to prop open a door. A jury found the defendant one hundred percent negligent, and that the negligence was the proximate cause of the plaintiff's injuries. The defendant filed a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. The trial court denied both motions. On appeal, the defendant argued that the trial court should have determined on the motions that, as a matter of law, the plaintiff contributed over fifty percent of the negligence involved in the accident, thereby precluding a judgment in her favor. The court addressed the issue of whether a reasonably prudent person would have anticipated that an injury would result from walking normally on the sidewalk.
Pursuant to the comparative negligence statute, a plaintiff is not entitled to recover for negligence on the part of a defendant if the plaintiff's own negligence was greater than fifty percent. See R.C. 2315.19. Thus, the Texler court analyzed the facts of the case as they related to the plaintiff's duty to watch where she was walking to determine whether, as a matter of law, the plaintiff's negligence was greater than fifty percent. The court found that because reasonable minds could differ as to the proper distribution of negligence between the parties, the defendant's motion for judgment notwithstanding the verdict was properly overruled. Thus, Texler was a case involving the plaintiff's contributory negligence, not a case involving a landowner's duty of care.
Since the Ohio Supreme Court's decision in Texler, this Court has continued to analyze the open and obvious doctrine under the duty element of negligence. See, e.g., Ritenauer v. Lorain Country Club Ltd. (Sept. 12, 2001), Lorain App. No. 01CA007811, unreported; Hudak v. ValleyaireGolf Club, Inc. (Nov. 22, 2000), Medina App. No. 3010-M, unreported. Furthermore, this Court finds that the doctrine is not inconsistent with the principles of comparative negligence. This is because the analyses are separate: the open and obvious doctrine relates to the duty element, which must be established before the comparative negligence issue is ever reached. Yahle v. Historic Slumber Ltd. (Nov. 19, 2001), Clinton App. No. CA2001-04-015, unreported, 2001 Ohio App. LEXIS 5158 at *9. We are not alone in finding that Texler did not obviate the common law open and obvious doctrine, and that the doctrine is not inconsistent with comparative negligence principles. See Yahle, supra; Brooks v. JoAnnStores, Inc. (Nov. 13, 2001), Butler App. No. CA2001-05-107, unreported, 2001 Ohio App LEXIS 5102; Nelson v. Sound Health Alternatives Intl. Inc. (Sept. 6, 2001), Athens App. No. 01 CA24, unreported, 2001 Ohio App. LEXIS 4147; Whitelaw v. Fifty-Five Restaurant Group, Ltd. (Jan. 25, 2001), Franklin App. No. 00 AP-668, unreported, 2001 Ohio App. LEXIS 194.
We now turn to the facts of the present case to determine whether the guardrail located in Best Buy's vestibule area was an open and obvious danger. Armstrong has argued that the question of whether the guardrail was open and obvious was a material issue of fact that required consideration by the jury. However, "where the hazard is not hidden from view or concealed and is discoverable by ordinary inspection, the court may properly sustain a summary judgment against the claimant." Parsonsv. Lawson Co.(1989), 57 Ohio App.3d 49, 50-51.
Armstrong admitted that he had patronized the store on two or three prior occasions, and had passed through the same area without incident. Armstrong testified that nothing was obstructing his view of the guardrail over which he tripped, and that had he looked down, he would have been able to see the rail and avoid it. Furthermore, photographs of the vestibule area indicate that the guardrail was obvious to anyone upon ordinary inspection. The expert report and affidavit submitted by Armstrong states that the guardrail was a hazard; the expert did not opine that the low guardrail was inherently dangerous. Rather, the expert stated that the guardrail is a tripping hazard, and that it was "not painted yellow as is typically done to draw one's attention to a potential trip hazard[.]" "The suggestion that the area could have been made `safer' does not provide evidence that the area as constituted is `unreasonably dangerous.'" Demos v. Toys "R" Us, Inc. (July 5, 2000), Lorain App. No. 99CA007404, unreported, at 8.
Because reasonable minds could only conclude that the hazard was discernible by any business invitee exercising ordinary due care, summary judgment was appropriate. See Sidle, 13 Ohio St.2d 45, at paragraph one of the syllabus (holding that "[a]n occupier of premises is under no duty to protect a business invitee against dangers which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them").
 III
Armstrong's sole assignment of error is overruled. The judgment of the court of common pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BAIRD, P.J. CONCURS.