I disagree with the result of the majority that this case should go to a trier of fact instead of being resolved by summary judgment. Having reviewed the evidence, including repeatedly viewing the security videotape of appellant's injury, I am unable to conclude that the danger in this case was anything but "open and obvious."
The duty owed by an occupier of land to a business invitee is the duty to maintain its premises in a reasonably safe condition. Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203 . This duty is otherwise known as the duty to exercise ordinary care. In this case, the duty of ordinary care required the defendant to exercise ordinary and reasonable care in maintaining its premises in a reasonably safe condition so that the plaintiff was not unnecessarily and unreasonably exposed to danger. Id. However, under the "open and obvious" doctrine, "[a]n occupier of premises is under no duty to protect a business invitee against dangers which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them." Sidle v. Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus. See, also, Simmers v. Bentley Construction Co. (1992), 64 Ohio St.3d 642; S.S. Kresge Co. v. Fader (1927),116 Ohio St. 718; and Boles v. Montgomery Ward Co. (1950),153 Ohio St. 381. The rationale is that an "open and obvious" danger serves as its own warning.
"Open and obvious" dangers are conditions which are neither hidden, concealed from view, nor non-discoverable upon ordinary inspection. Parsons v. Lawson Co. (1989), 57 Ohio App.3d 49, 50. The dangerous condition at issue does not have to be observed by the plaintiff in order for it to be an "open and obvious" condition under the law. Rather, the determinative question is that the condition be observable. Even in cases in which the plaintiff did not actually notice the condition until after he or she fell, this court has found no duty to exist as the plaintiff could have seen the condition if he or she had looked. See Parsons, supra; and Francill v. The Andersons, Inc. (2001), Franklin App. No. 00AP-835. Thus, the duty of ordinary care requires a landowner to either remove or warn its guests only of latent or concealed defects of which it is aware. Id.
There have been numerous decisions from this court applying the open and obvious doctrine to bar recovery in slip and fall cases. In Anderson v. Ruoff (1995), 100 Ohio App.3d 601, this court affirmed the trial court's grant of summary judgment finding that the edge of a hayloft in the defendant's barn was an open and obvious danger that a reasonable person would discern. Similarly, in Prest v. Delta Delta Delta Sorority (1996), Franklin App. No. 96APE04-523, we held that the edge of a roof was also an open and obvious danger that a reasonable person would discern. In Norman v. BP America, Inc. (1997), Franklin App. No 97APE06-790, this court held that a six-inch by two-inch piece of wood used to prop open a door was an open and obvious condition as a matter of law, and in Austin v. Woolworth Dept. Stores (1997), Franklin App. No. 96APE10-1430, we held that a wooden pallet which caused a fall was an open and obvious condition.
Upon reviewing the evidence, I believe that appellees have shown there to be no genuine issue of material fact for trial. In this case, the service bays are very large — thirteen feet long and approximately three feet wide — holes in the floor of appellees' facility. These holes were deep and of a darker color than the rest of the floor. Surrounding the entire circumference of each bay is a raised rim, which is further highlighted by bright yellow and black safety striping. Further, appellant in this case had patronized appellees' facility several times prior to her accident and, on this particular day only moments prior to her accident, was escorted immediately past the open bay into which she fell. After repeatedly viewing the videotape of appellant's accident, there seems to be no question that appellant fell due to her own inattention as she looked into her large open bag as she walked through the service area. Accordingly, I would affirm the trial court's allowance of summary judgment in favor of appellees.