OPINION
{¶ 1} On November 21, 2000, plaintiffs Todd and Noelle Lydic filed a complaint in which they alleged that on November 28, 1998, Todd Lydic tripped on a piece of wood, fell, and injured himself while shopping at defendants' "Lowe's" store located at 2888 Brice Road. Defendants filed an answer to that complaint on January 2, 2001, and on September 4, 2001, filed a motion for summary judgment in which it asserted that the wood over which Mr. Lydic tripped was "open and obvious." The trial court ultimately ruled on defendants' motion and granted summary judgment to the defendants on October 18, 2001. Plaintiffs now appeal raising the following two assignments of error:
{¶ 2} "1. The judge erred as a matter of law in finding appellee owed no duty to a business invitee where debris placed in aisles by appellee was `open and obvious.'
{¶ 3} "2. The judge erred as a matter of law in granting appellee's [sic.] motion for summary judgment where issues of fact remained."
{¶ 4} In order to affirm the trial court's grant of summary judgment to defendants, we must be satisfied, construing the evidence most strongly in plaintiffs' favor, that there is no genuine issue as to any material fact, that reasonable minds can come to but one conclusion, a conclusion which is adverse to plaintiffs, and therefore, that defendants are entitled to judgment as a matter of law. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64. Specifically, Civ.R. 56(C) provides that:
{¶ 5} "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *"
{¶ 6} In determining whether a genuine question of material fact exists, a court is always obligated to view the evidence presented in the light most favorable to the nonmoving party. Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317. However, provided a party has satisfied the three-part inquiry set forth above, the nonmoving party is not permitted to rest upon the mere allegations or denials contained in his or her pleading, but must come forth with specific facts showing the existence of a genuine issue for trial. Civ.R. 56(E); Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, 111, following Celotex v. Catrett (1986), 477 U.S. 317, 106 S.Ct. 2548. Having applied the relevant law to the facts of this case, we conclude that summary judgment in favor of defendants was appropriate. Accordingly, we affirm the allowance of summary judgment in defendants' favor.
{¶ 7} In a negligence action such as this, three elements must be established: (1) the defendant's duty; (2) a breach of that duty; and (3) that the plaintiff's injury proximately arose therefrom. Menifee v. Ohio Welding Products, Inc. (1984), 15 Ohio St.3d 75. The issue in this case centers upon whether the tree stump or piece of wood which caused Mr. Lydic's fall was "open and obvious."
{¶ 8} The duty owed by a defendant to a business invitee such as the plaintiff is the duty to maintain the defendant's premises in a reasonably safe condition. Paschal v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St.3d 203. This duty is otherwise known as the duty to exercise ordinary care, and required the defendant to exercise ordinary care in maintaining its premises in a reasonably safe condition so that the plaintiff was not unnecessarily and unreasonably exposed to danger. Id.
{¶ 9} However, under the "open and obvious" doctrine, "[a]n occupier of premises is under no duty to protect a business invitee against dangers which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them." Sidle v. Humphrey (1968),13 Ohio St.2d 45, paragraph one of the syllabus. See, also, Simmers v. Bentley Construction Co. (1992), 64 Ohio St.3d 642; S.S. Kresge Co. v. Fader (1927), 116 Ohio St. 718; and Boles v. Montgomery Ward Co. (1950), 153 Ohio St. 381. The rationale is that an "open and obvious" danger serves as its own warning.
{¶ 10} "Open and obvious" dangers are neither hidden, concealed from view, nor nondiscoverable upon ordinary inspection. Parsons v. Lawson Co. (1989), 57 Ohio App.3d 49, 50. More importantly, the dangerous condition at issue does not actually have to be observed by the plaintiff in order for it to be an "open and obvious" condition under the law. Rather, the determinative issue is whether the condition is observable. Even in cases in which the plaintiff did not actually notice the condition until after he or she fell, this court has found no duty to exist in cases where the plaintiff could have seen the condition if he or she had looked. See Parsons, and Francill v. The Andersons, Inc. (2001), Franklin App. No. 00AP-835.
{¶ 11} There have been numerous decisions from this court applying the open and obvious doctrine to bar recovery in slip and fall cases. In Anderson v. Ruoff (1995), 100 Ohio App.3d 601, this court affirmed the trial court's grant of summary judgment finding that the edge of a hayloft in the defendant's barn was an open and obvious danger that a reasonable person would discern. Similarly, in Prest v. Delta Delta Delta Sorority (Nov. 21, 1996), Franklin App. No. 96APE04-523, we held that the edge of a roof was also an open and obvious danger that a reasonable person would discern, despite the fact that the plaintiff did not. In Norman v. BP America, Inc. (Nov. 4, 1997), Franklin App. No. 97APE06-790, this court held that a 6-inch by 2-inch piece of wood used to prop open a door was an open and obvious condition as a matter of law, and in Austin v. Woolworth Dept. Stores (May 6, 1997), Franklin App. No. 96APE10-1430, we held that a wooden pallet which caused a fall was an open and obvious condition.
{¶ 12} Upon reviewing the evidence, we believe the trial court correctly concluded that defendants have shown there to be no genuine issue of material fact for trial. The facts of Mr. Lydic's fall are undisputed. According to testimony of plaintiffs, at the time of the accident, plaintiffs were shopping at defendants' store for a home improvement project when they decided to buy a Christmas tree from defendants' home and garden center. After selecting several items for their project, the two entered the home and garden center and also selected a tree they wished to purchase. Plaintiffs then took the tree to an area in which several large tables had been set up in order to have one of defendants' employees wrap the tree and trim its trunk. (Todd Lydic Depo., at 17.)
{¶ 13} According to his deposition testimony, Mr. Lydic assisted one of defendants' employees in packaging the tree, but left while his wife waited for the tree trunk to be trimmed in order to pick up a large bag of cedar chips for plaintiffs' dog's bed. Id. at 17, 24. Mr. Lydic testified that the bag was very large, weighing approximately 50 pounds, and that he carried it in front of him obstructing his view ahead and below. Id. at 20, 26-28.
{¶ 14} Mr. Lydic also testified that the area was adequately illuminated, and that the tree stumps were clearly visible on, and in contrast to, the light-colored concrete floor. Significantly, Mr. Lydic was at the tree-cutting table only moments before his fall and testified that had he not been carrying the large bag in front of him, he would have seen and avoided the pieces of wood which were on the floor around the tree cutting area. Id. at 25, 27, 29-30.
{¶ 15} Having carefully reviewed the evidence contained in the record, we agree with the trial court that reasonable minds could only conclude that the piece of wood over which Mr. Lydic tripped was open and obvious. Like the edge of the hayloft in Anderson, or the roof in Prest, the wood was not hidden or obscured, but was present for all to see. Indeed, Mr. Lydic admits that had he not been carrying a package which obstructed his vision he would have seen the wood and avoided stepping upon it. Id. In this case, there is no question as to whether the wood over which Mr. Lydic tripped was "open and obvious." Plainly, the wood lay within clear view.
{¶ 16} Ohio law establishes a duty upon the pedestrian to discover and protect himself from an open and obvious hazard. See Raflo v. Losantiville Country Club (1973), 34 Ohio St.2d 1. A pedestrian's failure to avoid an obstruction because he or she did not look down is no excuse. Jeswald v. Hutt (1968), 15 Ohio St.2d 224. As this court recently explained in Francill, supra, "Ms. Francill's admission that, if she had looked down, she probably would have seen the water [in which she slipped and fell], demonstrates that the water was open and obvious, and discoverable by ordinary inspection." We have come to a similar conclusion in numerous other cases. See Combs v. Apcoa Parking Apcoa, Inc. (Nov. 12, 1993), Franklin App. No. 93AP-734; Howard v. J.C. Penney Co., Inc. (Nov. 3, 1994), Franklin App. No. 94APE04-469; Austin, supra, and Norman, supra.
{¶ 17} For the foregoing reasons, we hereby overrule both of plaintiffs' assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
BROWN and KLATT, JJ., concur.