The prior decision in this case, Smock v. Bob Evans Farms, Inc., 9th Dist. No. 02CA008075, 2003-Ohio-21, having been vacated upon reconsideration, Smock v. Bob Evans Farms, Inc. (Feb. 18, 2003), 9th Dist. No. 02CA008075, unreported journal entry, the prior decision is hereby replaced with this decision and journal entry.
{¶ 1} Appellant, Margaret Smock, appeals from the decision of the Lorain County Court of Common Pleas, which granted the motion for summary judgment of the appellees, Bob Evans Farms, Inc. and Cintas Corporation. We affirm.
 I.
{¶ 2} On April 30, 1999, Smock went to the Bob Evans restaurant in Amherst. Upon entering the restaurant, Smock tripped upon a carpeted floor mat that had been placed at the entrance by Cintas Corporation, the company with which Bob Evans contracted to maintain and service the restaurant's carpeted floor mats. Smock contends that one corner of the carpeted mat was curled up, causing an unevenness in the mat.
{¶ 3} Smock sustained broken toes and injuries to her knee and back. On April 27, 2001, Smock filed a complaint against Bob Evans and Cintas, alleging causes of action for negligence. Bob Evans and Cintas filed a motion for summary judgment, which the trial court granted. The trial court found that there were no genuine issues of material fact and that Bob Evans and Cintas were entitled to judgment as a matter of law because the condition of the carpet was an open and obvious condition. This appeal followed.
 II. Assignment of Error
{¶ 4} "THE TRIAL COURT ERRED IN GRANTING APPELLEES'S [SIC] MOTION FOR SUMMARY JUDGMENT WHERE IT DETERMINED THAT THE NATURE OF THE HAZARD CONDITION WHICH CAUSED APPELLANT'S INJURY WAS `OPEN AND OBVIOUS' AND THUS EXEMPT FROM A FINDING OF COMPARATIVE NEGLIGENCE."
{¶ 5} In her sole assignment of error, Smock argues that the trial court erred in granting summary judgment. She argues that the trial court should have analyzed this case under comparative negligence principles pursuant to Texler v. D.O. Summers Cleaners Shirt Laundry Co.
(1998), 81 Ohio St.3d 677, and Schindler v. Gale's Superior Supermarket,Inc. (2001), 142 Ohio App.3d 146. Smock further asserts that there was a genuine issue of material fact, and therefore summary judgment was improper.
{¶ 6} An appellate court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
{¶ 7} Pursuant to Civil Rule 56(C), summary judgment is proper if:
{¶ 8} "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc.
(1977), 50 Ohio St.2d 317, 327.
{¶ 9} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The non-moving party must then present evidence that some issue of material fact remains for the trial court to resolve. Id.
{¶ 10} To prevail in a claim for negligence, a plaintiff must prove (1) the defendant owed her a duty of care; (2) the defendant breached that duty of care; and (3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury. Menifee v. OhioWelding Products, Inc. (1984), 15 Ohio St.3d 75, 77. In the area of premises liability, an owner or occupier of premises owes a business invitee a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger.[1] Paschal v. Rite Aid Pharmacy, Inc.
(1985), 18 Ohio St.3d 203. However, a business owner is not an insurer of the safety of the invitees. Id.
{¶ 11} When a hazard is open and obvious, such that the nature of the hazard itself serves as a warning, the owner may reasonably expect others to discover the danger and take appropriate actions to protect themselves. Simmers v. Bentley Constr. Co. (1992), 64 Ohio St.3d 642,644. This Court has consistently held that the open and obvious doctrine should be analyzed under the duty element of negligence. See Earnsbergerv. Griffiths Park Swim Club, 9th Dist. No. 20882, 2002-Ohio-3739, at ¶ 19, citing Armstrong v. Best Buy Co., Inc. (Dec. 12, 2001), 9th Dist. No. 01CA007848, at 5-6, appeal allowed, (2002) 765 N.E.2d 878. Therefore, an owner or occupier is under no duty to protect its customers from known dangers or those which are so obvious and apparent that a customer should reasonably be expected to discover them and protect himself from them. Paschal, 18 Ohio St.3d at 203-204. "[W]here the hazard is not hidden from view or concealed and is discoverable by ordinary inspection, the court may properly sustain a summary judgment against the claimant." Parsons v. Lawson Co. (1989), 57 Ohio App.3d 49, 50-51.
{¶ 12} In support of their motion for summary judgment, the appellees filed deposition transcripts of Smock; Jacqueline Rivera, an employee of Bob Evans; and Rick Loera, the manager of the Bob Evans. The facts, as viewed in the light most favorable to Smock, the non-moving party, reveal that Smock tripped upon a carpeted floor mat, a portion of which was curled up and not lying flat on the floor. At the time Smock entered the restaurant, the lobby was empty, there were no other customers in the area of the carpet, and the area was well-lit. Smock testified that no one accompanied her, and no one was in front of her as she entered the premises. She stated that nothing obstructed her view, and nothing distracted her. She further stated that she did not see the mat because she was looking straight ahead.
{¶ 13} In this case, reasonable minds could only conclude that the defect in the mat was discoverable by ordinary inspection, such that the appellees could have reasonably expected the customers to discover the danger and take appropriate actions to protect themselves. Summary judgment was therefore properly granted to the appellees. Smock's assignment of error is overruled.
 III.
{¶ 14} The sole assignment of error is overruled, and the judgment of the Lorain County Court of Common Pleas is affirmed.
SLABY, P.J. and BATCHELDER, J. CONCUR.
[1] The parties do not dispute that Smock was a business invitee.