This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Shirley Blankenship, appeals from the decision of the Medina County Court of Common Pleas, which granted the motion for summary judgment of appellee, Wadsworth-Rittman Hospital ("the Hospital"). We affirm.
{¶ 2} On April 19, 1995, Ms. Blankenship drove to the Hospital, located at 195 Wadsworth Road, Wadsworth, Ohio, in Medina county, to receive an allergy shot. While walking from the parking lot to the Hospital, Ms. Blankenship tripped on an area of the sidewalk where two cement slabs meet. The difference in height between the cement slabs was between three-fourths of an inch to one inch. Ms. Blankenship fell on the sidewalk, sustaining bruises and a broken elbow.
{¶ 3} Ms. Blankenship filed a complaint alleging negligence against the Hospital on April 18, 1997. She voluntarily dismissed her case on March 26, 1999. Ms. Blankenship filed another complaint against the Hospital on March 24, 2000. The trial court dismissed the case without prejudice on March 15, 2001 due to Ms. Blankenship's failure to respond to discovery requests. Ms. Blankenship again filed a complaint against the Hospital on June 19, 2001. The Hospital filed a motion for summary judgment, which the trial court granted. It is from this judgment that Ms. Blankenship now appeals.
{¶ 4} Ms. Blankenship asserts one assignment of error:
{¶ 5} "SUMMARY JUDGMENT WAS IMPROVIDENTLY GRANTED BY THE TRIAL COURT WHICH DENIED APPELLANT HER RIGHT TO HAVE HER CLAIM DECIDED BY A JURY OF HER PEERS."
{¶ 6} In her assignment of error, Ms. Blankenship asserts that the trial court erred by granting the Hospital's motion for summary judgment. We disagree.
{¶ 7} Pursuant to Civ.R. 56(C), summary judgment is proper if no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that, viewing such evidence most strongly in favor of the non-moving party, reasonable minds can come to only one conclusion.Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. McKay v. Cutlip (1992),80 Ohio App.3d 487, 491. "We review the same evidentiary materials that were properly before the trial court at the time it ruled on the summary judgment motion." Am. Energy Servs. v. Lekan (1992), 75 Ohio App.3d 205,208.
{¶ 8} The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Henkle v. Henkle (1991),75 Ohio App.3d 732, 735.
{¶ 9} "In an action for negligence, a plaintiff must prove (1) the defendant owed her a duty of care; (2) the defendant breached that duty of care; and (3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury." Raj v. Burkhardt Consol. Co., 9th Dist. No. 21206, 2003-Ohio-245, at ¶ 11. An owner or occupier of property owes a business invitee a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. Paschal v. Rite AidPharmacy, Inc. (1985), 18 Ohio St.3d 203, 203. "Ordinary care connotes `that which an ordinarily reasonable and prudent person exercises.'" Leekv. Miller (May 6, 1998), 9th Dist. No. 18749, quoting Parsons v. LawsonCo. (1989), 57 Ohio App.3d 49, 50. A business owner, however, is not an insurer of the invitee's safety. Paschal, 18 Ohio St.3d at 203.
{¶ 10} Ms. Blankenship argues that the Hospital was negligent in not ensuring that the two cement slabs were even when it replaced a portion of the sidewalk. A business owner is generally not liable for minor defects in sidewalks and walkways because these are commonly encountered and pedestrians should expect such minor defects. Stockhauserv. Archdiocese of Cincinnati (1994), 97 Ohio App.3d 29, 32. In Kimballv. Cincinnati (1953), 160 Ohio St. 370, the Ohio Supreme Court stated what has now come to be known as the "two-inch rule," which provides that a difference in elevation in a sidewalk or walkway, which is less than two inches, is insubstantial as a matter of law. Raj, at ¶ 12; see, also Kimball, 160 Ohio St. 370; Stockhauser, 97 Ohio App.3d at 33. InCash v. City of Cincinnati (1981), 66 Ohio St.2d 319, 324, the Ohio Supreme Court modified the two-inch rule, stating that when determining a business owner's liability for defects in a sidewalk, the court should consider any attendant circumstances which would render the defect substantial. "Thus, Cash established a rebuttable presumption that height differences of two inches or less are insubstantial as a matter of law. The presumption may be rebutted by showing attendant circumstances sufficient to render the defect substantial." Stockhauser,97 Ohio App.3d at 33.
{¶ 11} "In other words, in situations where the difference is less than two inches, courts must look further to determine if there is some factor in the attendant circumstances which would still raise a jury question as to the existence of danger to the pedestrian. In such cases where reasonable minds could differ as to whether the variation was so trivial as to relieve the owner from liability, that issue is properly left for the jury, and summary judgment is therefore improper." (citations omitted.) Raj, at ¶ 12.
{¶ 12} In the present case, the parties do not dispute that the difference in elevation between the two portions of the sidewalk measured less than two inches. Therefore, the Hospital is entitled to summary judgment as a matter of law unless the attendant circumstances raise a jury question as to whether the defect was substantial.
{¶ 13} In support of its motion for summary judgment, the Hospital attached the deposition and affidavit of Ms. Blankenship and pictures of the sidewalk. In her deposition, Ms. Blankenship testified that it was a clear day, there was no snow, and the sidewalk was not wet. Ms. Blankenship also testified that the sidewalk was not loose.
{¶ 14} Ms. Blankenship argues that there is a genuine issue of material fact as to whether the attendant circumstances render the minor deviation a substantial defect. Specifically, Ms. Blankenship argues that the attendant circumstances include the fact that elderly and infirm people use the Hospital's sidewalks.
{¶ 15} This Court addressed this same argument in Raj. We found that the circumstances cited by Ms. Blankenship, namely the type of individuals who use the sidewalks, "are not the type of attendant circumstances which would render the minor defect in the sidewalk substantial." Raj, at ¶ 17. Accordingly, there are no issues of material fact regarding whether the deviation was substantial.
{¶ 16} Finally, Ms. Blankenship argues that summary judgment should have been denied on the basis of res judicata. The doctrine of res judicata is explained in the syllabus of Grava v. Parkman Twp. (1995),73 Ohio St.3d 379, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out the transaction or occurrence that was the subject matter of the previous action." In the present case, there is no dispute that the parties are litigating the same claims against the same parties. The dispute is whether there is a prior final judgment.
{¶ 17} The trial court denied the Hospital's summary judgment motion in a previous case. Ms. Blankenship then dismissed the previous case in accordance with Civ.R. 41(A)(1). A complaint dismissed without prejudice, according to Civ.R. 41(A), leaves the parties included in the dismissal notice "as if no action had been brought at all." (citations omitted.) Ohio Farmers Ins. Co. v. Modine Manuf. (Sept. 5, 2001), 9th Dist. Nos. 3114-M, 3116-M. Consequently, the trial court's judgment entry in the previous case denying the Hospital's motion for summary judgment did not become final after the Civ.R. 41(A) dismissals; it became a nullity. See Ohio Farmers Ins. Co.
{¶ 18} Because the trial court's order was not a valid, final judgment, it did not operate to bar the Hospital from filing another motion for summary judgment on the same claim.
{¶ 19} There is no genuine issue of material fact. Consequently, the trial court did not err in granting the Hospital's motion for summary judgment. Ms. Blankenship's sole assignment of error is overruled.
{¶ 20} Ms. Blankenship's assignment of error is overruled and the judgment of the Medina County Court of Common Pleas is affirmed.
BAIRD, P.J. and CARR, J. CONCUR.