{¶ 21} I disagree with the majority's conclusion that Mrs. Marock has produced a genuine issue of material fact regarding whether the hazard she fell over was open and obvious. Accordingly, I respectfully dissent.
 {¶ 22} I would find that Appellant's fall was the result of an open and obvious danger. "`Open and obvious' dangers are neither hidden, concealed from view, nor nondiscoverable upon ordinary inspection." Lydic v. Lowe's Companies, Inc., 10th Dist. No. 01AP-1432, 2002-Ohio-5001, at ¶ 10 citing Parsons v.Lawson Co. (1989), 57 Ohio App.3d 49, 50. The determinative issue is whether the condition is observable. Id. Consequently, the dangerous condition at issue does not actually have to be observed by the plaintiff in order for it to be an "open and obvious" condition under the law. Id. Ohio courts have found that no duty existed in cases where the plaintiff did not notice the condition until after he or she fell, but could have seen the condition if he or she had looked. See Parsons,57 Ohio App.3d at 51 (finding that boxes that patron tripped over in store were observable by ordinary inspection and that store did not owe a duty to patron); Francill v. The Andersons, Inc. (Feb. 15, 2001), 10th Dist. No. 00AP-835 (holding that store owed no duty to appellant who slipped on a pile of leaves and water where appellant admitted that if she looked down, she could have seen the water).
 {¶ 23} During her deposition, Appellant admitted that she could have seen the cause of her fall had she looked down while she was walking. Accordingly, Appellant conceded that the cause of her fall was observable by ordinary inspection. Furthermore, while the hallway may have been poorly lit, darkness is an open and obvious condition and under Ohio law, one may not disregard darkness. Jeswald v. Hutt (1968), 15 Ohio St.2d 224, 227;Gabel v. Apcoa, Inc. (Oct. 21, 1999), 8th Dist. No. 74794, at *4; Swonger v. Middlefield Village Apartments, 11th Dist. No. 2003-G-2547, 2005-Ohio-941, at ¶ 13. As such, Appellant may not rely upon the lighting in the bar to create a genuine issue of material fact.
 {¶ 24} Furthermore, Mrs. Marock has alleged that the activities commonly found in a bar distracted her. People talking, laughing, singing, and dancing are undoubtedly commonplace in a social club. Additionally, loud music and televisions and dim lighting cannot be viewed as uncommon in such a setting. In fact, Appellant had encountered these activities on her prior visits to this same club. "[F]requently encountered condition[s]" cannot serve as a bar to a finding that a hazard is open and obvious. See Andamasaris v. Annunciation Greek OrthodoxChurch, 9th Dist. No. 22191, 2005-Ohio-475, at ¶ 15 (holding that a reasonable person would be expected to recognize and exercise caution around frequently encountered conditions).
 {¶ 25} Under the majority's approach, if a patron is injured while distracted by frequently encountered conditions in a bar, the owner may not take advantage of the open and obvious doctrine. The majority's opinion makes bar owners the absolute insurers of their patrons. Such is not the law. Accordingly, I would find that Appellant's fall was caused by an open and obvious hazard, and I would affirm.