OPINION
{¶ 1} Nicole M. Blain, plaintiff-appellant, appeals the judgment of the Franklin County Court of Common Pleas granting the motions for summary judgment filed by Cigna Corporation ("Cigna"); Jones, Lang, LaSalle, Inc. ("Jones"); and Express, LLC ("Express"), defendants-appellees.
 {¶ 2} On September 1, 2001, appellant and two friends went to shop at Northland Mall in Columbus, Ohio. Northland Mall is owned by Cigna and managed by Jones. Express, which owns a store located in the mall by the same name, has two entrances: an exterior entrance allowing access from the outdoor sidewalk and an interior entrance allowing access from inside the mall. As appellant approached Express from the exterior entrance, she reached for the door handle and tripped on a raised piece of pavement tile. After she caught her foot on the tile, she fell against the Express door, causing her to break her hip and sustain other injuries.
 {¶ 3} On December 17, 2001, appellant filed a complaint against Jones, Cigna, and Express's parent corporation, The Limited, Inc., alleging negligence. On February 7, 2002, appellant filed an amended complaint, substituting Express for The Limited, Inc. Appellees filed answers, with Express filing a cross-claim against Jones and Cigna for indemnification, contribution, and breach of contract. Subsequently, Jones, Express, and Cigna all filed motions for summary judgment. On December 2, 2002, the trial court filed a decision and entry granting summary judgment to appellees. Appellant appeals the judgment of the trial court, asserting the following two assignments of error:
 {¶ 4} "1. The trial court erred in granting the motions of defendants Cigna Corporation, Express LLC and Jones, Lang, Lasalle, Inc. for summary judgment and in entering judgment for those defendants.
 {¶ 5} "2. The trial court erred in strictly applying Ohio's so-called `two inch' rule, without any consideration of the attendant circumstances which were present in this case, and which must be considered pursuant to the mandate of the Ohio Supreme Court, per Cash v. Ciy [sic] of Cincinnati (1981), 66 Ohio St.2d 319."
 {¶ 6} We will address appellant's assignments of error together. Appellant argues the trial court erred in granting summary judgment to appellees. Pursuant to Civ.R. 56(C), summary judgment is proper if: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327. Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the allegations or denials in the pleadings, but must affirmatively demonstrate the existence of a genuine issue of material fact to prevent the granting of a motion for summary judgment. Civ.R. 56(C); Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115.
 {¶ 7} In an action for negligence, a plaintiff must prove: (1) the defendant owed her a duty of care; (2) the defendant breached that duty of care; and (3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury. Menifee v. Ohio Welding Products, Inc. (1984), 15 Ohio St.3d 75, 77. It is undisputed that appellant, in the present case, was a business invitee for all purposes pertinent to this appeal. An owner or occupier of premises owes a business invitee a duty of ordinary care to maintain the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. Paschal v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St.3d 203. Ordinary care connotes that which an ordinarily reasonable and prudent person exercises. Parsons v. Lawson Co. (1989),57 Ohio App.3d 49, 50. An owner is not, however, an insurer of the customer's safety. Id. Further, an owner is under no duty to protect a business invitee from dangers known to the invitee or dangers that are so obvious and apparent to the invitee that she should reasonably be expected to discover them and protect herself from them. Paschal, at 203-204; see, also, Raflo v. Losantiville Country Club (1973),34 Ohio St.2d 1, 4.
 {¶ 8} Appellant argues that appellees were negligent in not ensuring that the pavement tile was even with the surrounding ground. A business owner is generally not liable for minor defects in sidewalks and walkways because these are commonly encountered and pedestrians should expect such minor defects. Stockhauser v. Archdiocese of Cincinnati (1994), 97 Ohio App.3d 29, 32. In Kimball v. Cincinnati (1953),160 Ohio St. 370, the Ohio Supreme Court promulgated what has now come to be known as the "two-inch rule," which provides that a difference in elevation in a sidewalk or walkway, which is less than two inches, is insubstantial as a matter of law. Id.; Stockhauser, at 33. In Cash v. Cincinnati (1981), 66 Ohio St.2d 319, 324, the Ohio Supreme Court modified the two-inch rule, stating that when determining a business owner's liability for defects in a sidewalk, the court should consider any attendant circumstances that would render the defect substantial. "Thus, Cash established a rebuttable presumption that height differences of two inches or less are insubstantial as a matter of law. The presumption may be rebutted by showing attendant circumstances sufficient to render the defect substantial." Stockhauser, at 33.
 {¶ 9} In the present case, the parties do not dispute that the difference in elevation between the pavement tile and the surrounding ground measured less than two inches, approximately three-quarters of one inch. Therefore, appellees are entitled to summary judgment unless the attendant circumstances raise a jury question as to whether the defect was substantial.
 {¶ 10} "To render a minor defect substantial, attendant circumstances must not only be present, but must create `a greater than normal, and hence substantial, risk of injury.' * * * The attendant circumstances must, taken together, divert the attention of the pedestrian, significantly enhance the danger of the defect, and contribute to the fall. * * * Both circumstances contributing to and those reducing the risk of the defect must be considered. The totality of the circumstances of each case must be examined to determine if, as a whole, they create a substantial defect." Id. at 33-34 (Citations omitted.)
 {¶ 11} The term attendant circumstances defies precise definition. Stockhauser, at 32-33. Several courts, however, have recognized the term "attendant circumstances" means "any distraction that would come to the attention of a pedestrian in the same circumstances and reduce the degree of care an ordinary person would exercise at the time." France v. Parliament Park Townhomes (Apr. 27, 1994), Montgomery App. No. 14264; see, also, Hughes v. Kozak (Feb. 22, 1996), Cuyahoga App. No. 69007; Stockhauser, at 33. Construing Cash, the court in Hughes found that attendant circumstances would include: "the condition of the sidewalk as a whole, its pedestrian traffic volume, visibility of the defect, and whether the accident site was such that one's attention could easily be diverted." Id.
 {¶ 12} In the present case, appellant argues that appellees' notice of the defect in the pavement tile constituted an attendant circumstance sufficient to raise a jury question as to whether the defect was substantial. There is little dispute that appellees were aware of the unevenness of the pavement tiles. Janice Gallagher, manager at Express, testified in her deposition that, in May 2001, ten to 15 people had tripped in the same area as appellant, and she called the Northland mall office to ask that it be repaired. She indicated her boss, Michelle White, also called the mall office about the uneven tiles. White called "more than once," and Gallagher called about three times. She testified that at least once a week, a customer would tell her that he or she stumbled in the same area, although none were injured. She stated that after calls were made to the mall office, the maintenance department inspected the area. Further, in a letter to Express's parent corporation, The Limited, Inc., Northland's general manager, Lewis Taulbee, acknowledged the deterioration of the sidewalk in front of Express and indicated it was taking action to make the necessary repairs. Timothy Maynard, Northland's facilities manager, informed Northland's operations manager, Mike York, in a July 23, 2001 letter that maintenance of the deteriorating sidewalk in front of Express was the responsibility of Northland. Thus, appellees clearly had knowledge of the condition of the sidewalk in front of Express.
 {¶ 13} Some courts have held that the owner's knowledge of the defect could create an attendant circumstance. Goldshot v. Romano's Macaroni Grill, Montgomery App. No. 19023, 2002-Ohio-2159 (that own employees stated other accidents had occurred at the exact same spot, when coupled with the other circumstances, created a genuine issue of material fact whether the attendant circumstances enhanced the risk of injury to the point that injury was a reasonably foreseeable consequence of the defect); Barnes v. Center Assoc. Realty Corp. (Aug. 12, 1996), Columbiana App. No. 95-C-01 (if the landlord had been made aware of three previous accidents due to the difference in elevation between the sidewalk slabs, it could certainly become an attendant circumstance, and the case would not hinge on the matter of elevation alone); Turner v. Burkons (Nov. 19, 1992), Cuyahoga App. No. 61406 (in considering whether there were other attendant circumstances that created an issue as to whether the sidewalk was unsafe, it was significant that the city cited the homeowners and instructed them to repair the walk).
 {¶ 14} However, this court has refused to consider prior notice of accidents at the location of the defect to be an attendant circumstance. See Denny v. Ohio State University (Aug. 21, 1997), Franklin App. No. 97API02-278 ("The facts that another person tripped over the same defect and that appellee took precautions to protect appellant are not `attendant circumstances' as contemplated by Cash"). Other courts have also refused to consider prior notice of accidents at the location of the defect to be an attendant circumstance. See Raj v. Burkhardt Consol. Co., Summit App. No. 21206, 2003-Ohio-245, at ¶ 17 (that others have stumbled upon the same area is not the type of attendant circumstances that would render the minor defect in the sidewalk substantial); Simmons v. Plaza View, Inc. (Dec. 9, 1999), Mahoning App. No. 98 CA 61 (in cases of trivial or insubstantial sidewalk defects as a matter of law, the issue of the landowner's notice of the defective condition is irrelevant); Turner v. Burndale Gardens Co. (Dec. 18, 1991), Montgomery App. No. CA-12807 (that the apartment owner was told repeatedly to repair a broken step was not an attendant circumstance); Gurcarkowski v. McPeek Funeral Home (Feb. 9, 1990), Licking App. No. CA-3479 (court refused to consider fact that elderly lady had fallen in same area to be an attendant circumstance).
 {¶ 15} In Denny, supra, while walking on The Ohio State University's ("OSU") property, Denny tripped and fell when her foot hit a concrete sidewalk slab that was elevated from one-quarter to one and one-half inches above the adjacent slab due to a tree root. Denny tripped while walking in the middle of the sidewalk, the sidewalk was not crowded, the weather was clear and bright, and there was no snow or ice on the sidewalk. Four months previously, another person had tripped and fallen at the same location. After the prior incident, OSU painted the crease between the slabs with orange spray paint, erected a sawhorse barricade, and put the site on its delayed maintenance roster for removal of the tree and replacement of the slab once the winter weather abated. At the time Denny fell, the paint had faded somewhat, and the barricade was not in place.
 {¶ 16} This court affirmed the decision by the Ohio Court of Claims. We rejected Denny's argument that, because another person tripped over the same defect three months before Denny did, and OSU painted the sidewalk bright orange and barricaded the defect, the defect was a substantial defect constituting a breach of duty. This court specifically found that "[t]he facts that another person tripped over the same defect and that appellee took precautions to protect appellant are not `attendant circumstances' as contemplated by Cash." We held that these facts neither enhanced the danger of the defect nor contributed to Denny's fall. We indicated that attendant circumstances would include any distraction that would come to the attention of a pedestrian in the same circumstances and reduce the degree of care an ordinary person would exercise at the time. We also noted that all the circumstances — good or bad — must be considered.
 {¶ 17} The circumstances in the present case are analogous with those in Denny. Although appellees had prior knowledge of the raised pavement tile and knew that others had stumbled over it on prior occasions, such knowledge did not affect the condition of the defect in any manner. Appellees' knowledge neither increased the dangerousness of the defect nor played any role in appellant's fall. Appellees' knowledge also did not create a greater than normal risk of injury. As we held in Denny, attendant circumstances are those that divert the attention of the pedestrian, significantly enhance the danger of the defect, or contribute to the fall. Appellees' notice does not fit within any of these definitions of attendant circumstances. Therefore, in accord with our precedent in Denny, we find that appellees' notice was not an attendant circumstance in and of itself, as it did not raise a jury question as to whether the defect was substantial.
 {¶ 18} Although appellant cites our decision in Hughes v. Ohio Real Estate Equities Co. (July 28, 1977), Franklin App. No. 77AP-215, for the proposition that prior knowledge of the defect constitutes an attendant circumstance, we find this case does not support appellant's contention. In Hughes, the plaintiff tripped and fell on adjacent slabs of the sidewalk that were offset less than two inches. There were no other circumstances that contributed to her fall, other than the elevation of the slabs. On appeal of the trial court's decision, the plaintiff argued that the prior complaints to property owners about the unsafe condition of the sidewalk and falls thereon were an attendant circumstance, excepting it from the general "two-inch rule."
 {¶ 19} In Hughes, this court held that previous falls may indicate attendant circumstances converting what would otherwise be a minor imperfection into a defect of a substantial and actionable one. "However, the fact of notice does not in itself convert a minor imperfection into a substantial one. It is only an indication that there may be other attendant circumstances [such as, the locality, the amount of use and travel, the condition of the sidewalk as a whole, whether it is in a business or residential area, and whether it is in a densely or sparsely built up area]." Id. We found that to hold otherwise would make an actionable claim dependent upon prior notice of a complaint or fall. We concluded that the plaintiff failed to present evidence of any other attendant circumstances, and the materials submitted show the sole cause of the fall was the difference in elevation plus the plaintiff's inattention. Therefore, because the difference in the elevation in the sidewalk was of a nonsubstantial nature and was no more dangerous where located than any other variation and offset of elevation that is commonly encountered by a pedestrian, summary judgment was appropriate in favor of the premises owners.
 {¶ 20} Thus, it is clear we held in Hughes that notice of a prior fall or defect is not an attendant circumstance in and of itself. Prior knowledge is only an indication that there may be some other attendant circumstances present. As in Hughes, appellant in the present case presents no other attendant circumstances. It was a clear day, she was walking alone at the time, she was not distracted by any unusual obstructions or outdoor signage, she was not crossing a busy intersection, she was not contending with burdensome baggage, and the area was open and free of nearby obstacles that could have distracted her. Although she did indicate that her attention was focused on grasping the door handle of the store at the time she fell, this action is one that is regularly executed and would not reduce the degree of care an ordinary person would exercise. Merely reaching for the door handle certainly does not constitute an attendant circumstance under the facts of this case. Therefore, we find Hughes does not stand for the proposition urged by appellant.
 {¶ 21} Appellant also argues the trial court erred in rejecting the deposition testimony that the pavement tile upon which she tripped was not only elevated but was also "wobbly" because it was loosely placed upon a sand base, and by failing to rule that such instability constituted an attendant circumstance. However, we first note that appellant fails to direct us to any evidence indicating the pavement tile in question was "wobbly." Maynard did testify in his deposition that the tiles were laid on sand without any adhesive. However, he specifically denied observing during his inspection that the tile was "wobbly," instead testifying that he only remembered the tiles being "raised." Further, Gallagher specifically testified only that the tiles were "loose" and elevated. "Loose" is certainly different than "wobbly." "Loose" refers to not being rigidly fastened or securely attached, while "wobbly" refers to being unsteady or having an irregular rocking or staggering motion. See Webster's Ninth New Collegiate Dictionary (1987), 705, 1356. Although appellant does not direct us to any evidence that the tiles were "wobbly," a review of Gallagher's deposition reveals that she did at one point state, "No, it really didn't wobble that much anymore" in response to the question: "When you would walk out that door after they came and repaired [the pavement tile], did you notice whether it wobbled anymore?" However, opposing counsel objected to the question based upon a lack of foundation. Indeed, before this question, Gallagher had never previously testified that the tile was wobbly, and there was no later testimony that the tile was, in fact, wobbly. In addition, during appellant's own deposition, she never indicated that the pavement tile was "wobbly," or even "loose." In fact, nowhere else in any of the transcripts or the record is there evidence to support the contention that the tile was "wobbly." To defeat a summary judgment motion, the nonmovant must present some evidence, which raises a genuine issue of material fact. Nice v. Marysville (1992), 82 Ohio App.3d 109, 116. If such evidence is not provided, the motion for summary judgment should be granted. Id. Having pointed to no evidence as required pursuant to Civ.R. 56(E) that would support her contention that the tile was "wobbly," appellant failed to present any material issue of fact that would require the denial of appellees' motions for summary judgment.
 {¶ 22} However, even assuming, arguendo, that Gallagher's response to the question lacking proper foundation could support appellant's claim that the pavement tile was wobbly, appellant presented no evidence whatsoever that the proximate cause of her fall was the wobbliness of the pavement tile. The only explanation as to what caused appellant to trip and fall was in her deposition, in which she testified:
 {¶ 23} "Q: And how did you fall?
 {¶ 24} "A. It was my foot got caught, my left foot got caught.
 {¶ 25} "Q. How did your left foot get caught?
 {¶ 26} "A. On the tile. It was raised.
 {¶ 27} "Q. It was raise[d] up a little bit?
 {¶ 28} "A. Yes. And I as I went to step forward, the tip of my sandal got caught on the block and I flung forward. * * *"
 {¶ 29} The rest of appellant's deposition testimony related to the unevenness of the tiles and her tripping over the lip of the edge of the tile, and she did not mention anything regarding the instability of the tile. There is not even a hint of a suggestion that appellant tripped due to anything other than the uneven, but fixed, elevation of the tile. Although appellant suggests in her appellate brief for the first time that she could have stepped on the tile with her right foot first, thereby causing it to raise or shift on its wobbly foundation, and then caught the toe of her left shoe on the edge of the tile, such a claim is wholly without any foundation in the record. A plain reading of appellant's own account of the incident is that the toe of her left shoe simply hit the elevated lip of the stationary tile as she stepped forward. Again, appellant was required to present some evidence to raise a genuine issue of material fact to avoid summary judgment. Id. Appellant failed to present any evidence to support her contention that the wobbliness of the tile was the proximate cause of her fall. Therefore, appellant failed to demonstrate a genuine issue of material fact that the wobbliness of the pavement was a concealed irregularity constituting an attendant circumstance, and summary judgment in favor of appellees was not precluded on this basis.
 {¶ 30} For the foregoing reasons, it appears from the evidence that reasonable minds can come to but one conclusion, and even viewing such evidence most strongly in favor of appellant, no genuine issue as to any material fact remains to be litigated. Appellant's first and second assignments of error are overruled.
 {¶ 31} Accordingly, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
PETREE, P.J., and BRYANT, J., concur.